**Cecil Ray HARRIS, Appellant**

v.

**The STATE of Texas, State.**

**No. 2–04–103–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 2005.

Lars Robert Isaacson, Carrollton, TX, for Appellant.

Bruce Isaacks, Criminal Dist. Atty., Kathleen Walsh and Catherine Luft, Earl Dobson, Ryan Calvert, Asst. Dist. Attys., for Denton County, Denton, TX, for Appellee.

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

ANNE GARDNER, Justice.

### INTRODUCTION

Appellant, Cecil Ray Harris, pleaded not guilty to possession of a controlled substance, cocaine, of less than one gram. A jury subsequently found Appellant guilty, and the trial court sentenced him to eighteen months' confinement. In three points, Appellant argues that the evidence was legally and factually insufficient and that the trial court erred by denying his motion to suppress. We affirm.

### LEGAL AND FACTUAL SUFFICIENCY

█ In his first two points, Appellant challenges the legal and factual sufficiency of the evidence to support his conviction.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex.Crim.App.2004).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App.2000). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim.App.1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). We must resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim.App.2000). The standard of review is the same for direct and circumstantial evidence cases. *Burden v. State*, 55

S.W.3d 608, 613 (Tex.Crim.App.2001); *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim.App.1999).

■ In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. *See Zuniga v. State*, 144 S.W.3d 477, 481 (Tex.Crim. App.2004). The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Id.* at 484. There are two ways evidence may be factually insufficient: (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt. *Id.* at 484–85. "This standard acknowledges that evidence of guilt can 'preponderate' in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt." *Id.* at 485. In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt. *Id.*

In performing a factual sufficiency review, we are to give deference to the fact finder's determinations, including determinations involving the credibility and demeanor of witnesses. *Id.* at 481; *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). We may not substitute our judgment for that of the fact finder's. *Zuniga*, 144 S.W.3d at 482.

A proper factual sufficiency review requires an examination of all the evidence. *Id.* at 484, 486–87. An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App.2003).

On April 19, 2003, at approximately 11:40 p.m., Officer Samuel Moseley of the Denton Police Department observed a vehicle stopped at a stop sign. Officer Moseley then observed the vehicle turn without using a turn signal. Officer Moseley stated that as he began to get behind the vehicle to catch up to it, the vehicle sped up. Officer Moseley stated that based on his training and experience, he believed that this indicated that someone was "trying to put distance between me and them." As Officer Moseley caught up to the vehicle, he observed that the rear license plate light was not on. Officer Moseley initiated a traffic stop on the vehicle for the traffic violations that he observed, and the vehicle came to a complete stop. Officer Moseley then observed the driver of the vehicle throw what he described as a white piece of plastic or piece of paper, out of the driver's side window. Officer Moseley testified that the item thrown out of the vehicle "had the appearance of what crack cocaine is sealed in when they sell it." Officer Moseley stated that he was unable to find the item that was thrown out of the vehicle.

Officer Moseley made contact with the driver, whom he identified in court as Appellant. A female passenger was also in the vehicle. Officer Moseley asked Appellant what he had thrown out of the vehicle, and Appellant replied "that he hadn't thrown anything out the window." At that point, Officer Moseley asked Appellant to exit the vehicle and placed Appellant in handcuffs for Officer Moseley's safety. Officer Moseley took Appellant to the rear of Appellant's vehicle and began to question him.

Approximately one to two minutes later, Officer Chris Plank arrived and contacted the female passenger through the driver's side window. Officer Plank stated that as he contacted the passenger, he shined his flashlight into the vehicle and observed what he believed to be a piece of crack cocaine in plain view on the driver's seat. Officer Plank stated that the crack cocaine was in the back of the seat near the crease where the seat and back rest are joined. Officer Plank called Officer Moseley to the vehicle and pointed out the piece of crack cocaine on the driver's seat. At that point Appellant was placed under arrest for possession of a controlled substance. After Appellant was arrested, he told Officer Moseley that he had a crack pipe in his front pocket, which was recovered during a search incident to his arrest.

Officer Moseley testified that he did not initially see the crack cocaine on the seat when Appellant exited the vehicle. Officer Moseley stated that where the cocaine was located in the seat, he would not have seen it initially because he was focused on Appellant as he exited the vehicle. Officer Moseley stated that after Appellant exited the vehicle, he could not observe the interior of the vehicle from his vantage point at the trunk of the vehicle. He also stated that although he tried to watch the passenger, there were times that he could not observe what the passenger was doing inside the vehicle, and it was possible that she could have placed the cocaine on the driver's seat.

■ In order to establish the unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband and (2) that the accused knew that the matter possessed was contraband. *Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981); *Guy v. State*, 160 S.W.3d 606, 612

(Tex.App.-Fort Worth 2005, pet. filed). It is well established that drug possession need not be exclusive, and that an individual can possess drugs jointly with others. *State v. Derrow*, 981 S.W.2d 776, 779 (Tex. App.-Houston [1st Dist.] 1998, pet. ref'd).

■ When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Deshong*, 625 S.W.2d at 329. The factors to be considered in establishing an affirmative link include the following: (1) defendant's presence when the search was executed; (2) whether the contraband was in plain view; (3) defendant's proximity to and the accessibility of the narcotic; (4) whether defendant was under the influence of narcotics when arrested; (5) whether defendant possessed other contraband when arrested; (6) whether defendant made incriminating statements when arrested; (7) whether defendant attempted to flee; (8) whether defendant made furtive gestures; (9) the presence of odor of the contraband; (10) the presence of other contraband or drug paraphernalia; (11) defendant's ownership or right to possession of the place where the controlled substance was found; and (12) whether the place the drugs were found was enclosed. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd); *Jones v. State*, 963 S.W.2d 826, 830 (Tex.App.-Texarkana 1998, pet. ref'd); *Chavez v. State*, 769 S.W.2d 284, 288–89 (Tex.App.-Houston [1st Dist.] 1989, pet. ref'd). The link, however, need not be so strong that it excludes every other reasonable hypothesis except the defendant's guilt. *Brown v. State*, 911 S.W.2d 744, 748 (Tex.Crim.App.1995); *Hudson v. State*, 128 S.W.3d 367, 374 (Tex.

App.-Texarkana 2004, no pet.). It is not the number of affirmative links present that is important, but rather the "logical force" that they create to prove that the defendant committed the crime. *Nhem v. State,* 129 S.W.3d 696, 699–700 (Tex.App.-Houston [1st Dist.] 2004, no pet.).

In the present case, Officer Moseley observed Appellant, the driver of the vehicle, throwing what appeared to be a crack cocaine wrapper out of the driver's side window upon being stopped. However, Appellant denied throwing anything out of the window when confronted by Officer Moseley. Further, Officer Plank found the crack cocaine on the driver's seat, where Appellant had been sitting before exiting the vehicle. Finally, Officer Moseley found a crack pipe in Appellant's pocket. Although Appellant contends that there is evidence that the crack cocaine was placed in Appellant's seat after he exited the vehicle, that is a fact issue that is best left to the jury's determination, as they were in the best position to judge the credibility of the witnesses and to resolve any conflicts in the evidence. *Zuniga,* 144 S.W.3d at 481.

Based on the totality of the circumstances, we conclude that there were sufficient affirmative links to establish that Appellant was in possession of cocaine. Therefore, we hold that after considering all the evidence introduced at trial in the light most favorable to the verdict, there was sufficient evidence for the jury to find the essential elements of the crime beyond a reasonable doubt. We further hold that the evidence, when viewed in a neutral light, was sufficient to allow the jury to find guilt beyond a reasonable doubt. Thus, we hold that the evidence was both legally and factually sufficient. We overrule Appellant's first and second points.

### MOTION TO SUPPRESS

In his third point, Appellant argues that the trial court erred by denying his motion to suppress. Specifically, Appellant contends that the trial court erred because the evidence developed at the hearing on the motion to suppress showed that the evidence was insufficient to affirmatively link Appellant to the cocaine.

The court of criminal appeals has recently concluded that the statutes authorizing pre-trial proceedings do not contemplate a "mini-trial" on the sufficiency of the evidence to support an element of the offense. *See Woods v. State,* 153 S.W.3d 413, 415 (Tex.Crim.App.2005); *see also State v. Rosenbaum,* 910 S.W.2d 934, 948 (Tex.Crim.App.1995) (op. on reh'g) (finding that Judge Clinton's dissenting opinion on original submission was correct in holding that "in a pre-trial setting, there is neither Constitutional nor statutory authority for an accused to raise and for a trial court to determine sufficiency of evidence to support or defeat an alleged element of an offense"). The purpose of a pre-trial motion is to address preliminary matters, not the merits of the case itself. *Woods,* 153 S.W.3d at 415. Preliminary matters are those issues that can be determined before there is a trial on the general issue of the case. *Id.*

Therefore, because Appellant's challenge to the sufficiency of the evidence was improperly raised in his motion to suppress, we hold that the trial court did not err by denying Appellant's motion to suppress. We overrule Appellant's third point.

### CONCLUSION

Having overruled all of Appellant's points, we affirm the trial court's judgment.