JENKINS v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-485-CR

ALBERT JAMES JENKINS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Albert James Jenkins appeals his conviction for possession of a controlled substance, namely cocaine, between four and two hundred grams. After finding Appellant guilty and finding the allegations in the habitual count true, the jury assessed his punishment at thirty years’ confinement.  The trial court sentenced him accordingly.  In nine points, Appellant contends that the evidence is legally and factually insufficient to support the jury’s guilty verdict, the trial court abused its discretion in overruling his objections and motion for mistrial urged due to the prosecutor’s improper jury arguments, and the trial court abused its discretion in overruling his objections to the testimony regarding drug dealing activity shown to be unconnected to Appellant.

FACTUAL BACKGROUND

Police received a report of suspicious activity around duplexes in the 700 block of North Cooper Street in Arlington and set up surveillance of the area. Police officers then observed suspicious behavior leading them to believe that drug activity was taking place.  Police knocked on the door of the duplex to determine who resided there, and Appellant answered the door and stated that he stayed there with his girlfriend.  Two weeks later, a search warrant was issued for that location, naming Appellant as the occupant of the residence.

Police went to execute the warrant and encountered Appellant outside the duplex.  After arresting him, Police retrieved a key to the duplex from Appellant’s pocket.  Police searched the inside of the duplex and recovered cocaine from a dresser drawer and a safe in the master bedroom. Police arrested Appellant and Rhoda Smith, who was listed as the owner of the duplex. 

LEGAL AND FACTUAL SUFFICIENCY

In his first and second points, Appellant contends that the evidence is legally and factually insufficient to support the guilty verdict.  The State submits that there is ample evidence affirmatively linking Appellant to the cocaine; thus, the evidence is legally and factually sufficient. 

1. Legal Sufficiency Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

2. Factual Sufficiency Standard of Review

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482. 

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

3. Sufficiency of the Evidence

Appellant contends that the evidence is insufficient to find him guilty of possession of a controlled substance because police found the controlled substance in the duplex and Appellant was found outside the duplex.  He argues that the fact that he stayed with his girlfriend, Rhoda Smith, does not demonstrate that he knew of or possessed any of the drugs in the duplex.  The State asserts that there is sufficient evidence affirmatively linking Appellant to the cocaine; thus, Appellant’s conviction should be upheld. 

An accused possesses a controlled substance when he exercises actual care, control, or custody over the substance; is conscious of his connection with the substance; and knows what the substance is.  
Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  It is well established that drug possession need not be exclusive, and that an individual can possess drugs jointly with others.  
State v. Derrow
, 981 S.W.2d 776, 779 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).  When the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband.  
Poindexter v. State
, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).  Whether the evidence supporting a conviction for unlawful possession of a controlled substance is direct or circumstantial, it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous under the “affirmative links” rule.  
Brown
, 911 S.W.2d at 747.  What an affirmative link essentially does is describe why the circumstantial evidence in a particular case is sufficient for conviction.  
Id.

The factors to be considered in establishing an affirmative link include the following:  (1) the defendant's presence when the search was executed; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) the presence of odor of the contraband; (10) the presence of other contraband or drug paraphernalia; (11) the defendant's ownership or right to possession of the place where the controlled substance was found; and (12) whether the place the drugs were found was enclosed.  
Harris v. State
, 173 S.W.3d 575, 579 (Tex. App.—Fort Worth 2005, no pet.);
 Hyett v. State
, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th
 Dist.] 2001, pet. ref’d); 
Jones v. State
, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref’d); 
Chavez v. State
, 769 S.W.2d 284, 288-89 (Tex. App.—Houston [1st
 Dist.] 1989, pet. ref’d).  Another factor to consider is whether the contraband is found in an area that contains men's clothing if the defendant is a male.  
Robles v. State
, 104 S.W.3d 649, 651 (Tex. App.—Houston [1st
 Dist.] 2003, no pet.).  It is not the number of affirmative links present that is important, but rather the “logical force” that they create to prove that the defendant committed the crime. 
 Nhem v. State
, 129 S.W.3d 696, 699-700 (Tex. App.—Houston [1st
 Dist.] 2004, no pet.). The link, however, need not be so strong that it excludes every other reasonable hypothesis except the defendant's guilt.  
Brown
, 911 S.W.2d at 748; 
Hudson v. State
, 128 S.W.3d 367, 374 (Tex. App.—Texarkana 2004, no pet.).

In the present case, police observed suspicious behavior and believed that drug activity was taking place in the area.  Officer Ben Lopez knocked on the door of the duplex to determine who resided there.  Appellant answered the door and said that he “stayed there with [his] girlfriend.”  On cross-examination, Officer Lopez acknowledged that he did not request to see Appellant’s driver’s license, nor did he investigate whether the water or tax records reflected who  paid the water and tax bills.  When Appellant cross-examined Officer Allison Turner, who prepared the affidavit for the search warrant and was present during the search of the duplex, she confirmed that Rhoda Smith, Appellant’s girlfriend, was the listed owner of the duplex and the power and water bills were in her name. 

When searching the duplex, officers found paperwork showing that Smith resided at the duplex.  Sergeant Russell Yowell found a veterinary receipt that had Appellant’s name, the name of the dog that had been treated,  and the address of the duplex.  On cross-examination, Sergeant Yowell acknowledged that he did not know whether the address listed was Appellant’s address or the address of the animal that was treated.  Appellant introduced into evidence his driver’s license, which listed an address other than the duplex. 

When police executed the search warrant at the residence, Appellant was sitting on the trunk of a parked car in the alleyway of the duplex.  Inside the duplex were Smith, her four children, and a relative of hers, John Smith.  Officer Daniel Garza testified that he removed a key chain from Appellant’s pocket.  A key found on the key chain operated the lock to the duplex.  Officers noted that there were several cases of beer inside the residence, and Detective Turner testified that Appellant informed her that the beer had been left there in anticipation of a party for Appellant’s son, who was scheduled to be released from jail. 

Detective Heath Cook searched a five-drawer chest of drawers in the master bedroom of the duplex, and in the fourth drawer he found what appeared to be men’s clothing and a blue bank bag containing a small digital scale and approximately 13 grams of cocaine.  The detective could not recall whether the fifth drawer contained men’s clothing as well, but he did remember that the first three of the drawers contained women’s clothing.  Detective Cook stated that one of the shirts found in the drawer was a double extra large, which was consistent with the other shirts and items that were found in the drawer.  Officers also uncovered men’s clothing in the master bedroom closet near the safe that contained additional cocaine.

Detective Cook testified that the safe found in the master bedroom area had a dial combination lock, but did he not recall whether the safe also had a key lock as well.  Officers broke into the safe and recovered over $1200 in cash and a large quantity of crack cocaine that weighed a total of 109.47 grams.  The currency was rolled up in fifty-dollar increments, secured by rubber bands.  Detective Tonya English testified that she found money in Smith’s purse that had been rolled in the same manner as the money that officers found in the safe.  Although five items, including the digital scale but not the safe, were tested for fingerprints, only one partial print that was identifiable was recovered and none of the fingerprints were conclusively identified as belonging to Appellant.

The evidence, which this court must view in the light most favorable to the verdict, is sufficient to affirmatively link Appellant to the crack cocaine.  Appellant informed police that he “stayed there with [his] girlfriend,” a search of Appellant’s pockets uncovered a key that opened the door lock to the duplex, men’s clothing was found in a drawer that also contained cocaine, and the veterinary bill found in the master bedroom listed Appellant’s name and the address of the duplex.  Although Appellant contends that the evidence is insufficient to show any illegal activity by Appellant, that is a fact issue that is best left to the jury's determination, as the jury was in the best position to judge the credibility of the witnesses and to resolve any conflicts in the evidence. 
 Zuniga
, 144 S.W.3d at 481. 

Based on the totality of the circumstances, we conclude that sufficient affirmative links establish that Appellant was in possession of cocaine.  Therefore, we hold that after considering all the evidence introduced at trial in the light most favorable to the verdict, there was sufficient evidence for the jury to find the essential elements of the crime beyond a reasonable doubt.  We further hold that the evidence, when viewed in a neutral light, was sufficient to allow the jury to find guilt beyond a reasonable doubt.  Thus, we hold that the evidence was both legally and factually sufficient.  We overrule Appellant's first and second points.

JURY ARGUMENT

In points three, four, five, and nine, Appellant complains that the trial court reversibly erred and abused its discretion in overruling his motion for a mistrial urged due to the prosecutor’s alleged improper and harmful jury argument at the guilt-innocence phase of the trial. 

1. Standard of Review

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  In determining whether the appellant’s substantial rights were affected, we consider:  (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of conviction absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.  
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, that is, “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.  
Id.; see also Simpson v. State,
 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied,
 542 U.S. 905 (2004).  In determining whether the trial court abused its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of conviction absent the misconduct.  
Hawkins,
 135 S.W.3d at 77; 
Mosley
, 983 S.W.2d at 259.

2. Arguments Made By The Prosecutor

In his third point, Appellant complains about a statement the prosecutor made when he argued to the jury that the evidence showed that defendant exercised actual care, custody, control, or management of the drugs found in the duplex.  The prosecutor stated, “you’ve got. . . Judge Gill finding that probable cause exists to search that apartment, and this Defendant’s name is on the warrant.”  Appellant objected on the basis that the prosecutor was attempting to mischaracterize the evidence and present a judicial finding in favor of a contested issue.  The trial court sustained the objection and, upon Appellant’s request, the trial court instructed the jury to disregard. Subsequently, the trial court overruled Appellant’s request for a mistrial.

The prosecutor’s statement regarding the judge’s determination of probable cause to search the house and naming Appellant on the warrant was improper because it invited the jury to consider the judge’s determination in deciding a contested issue of whether Appellant had actual care, custody, control, or management of the contraband.  
See Jackson v. State
, 17 S.W.3d 664, 675 (Tex. Crim. App. 2000) (holding that it is improper for a prosecutor to convey to the jury during argument that he possesses a specialized expertise about a contested factual issue in the case because it poses a danger of influencing the jury in deciding the issue).  Balancing the factors, we determine that the misconduct was severe because it invited the jury to consider a judge’s determination that Appellant should be named in the search warrant to determine a contested issue, however, the trial court promptly instructed the jury to disregard the statement, and the evidence as a whole suggests that Appellant would have been convicted absent the misconduct. 
 See 
Mosley
, 983 S.W.2d at 259.
  Therefore, we hold that the trial court’s prompt instruction to disregard was sufficient to cure the error, and the trial court’s refusal to grant the mistrial was not an abuse of discretion.  
See
 
Taylor v. State
, 550 S.W.2d 695, 697 (Tex. Crim. App. 1977) (determining that statement to the jury that the grand jury had heard the same evidence before the petit jury, and the grand jury had returned an indictment was harmful, but the trial court did not err because it cured the harm by a prompt instruction to disregard).  Thus, we overrule Appellant’s third point.

In points four and five, Appellant contends that the trial court committed reversible error by not declaring a mistrial when the prosecutor stated, “. . . I submit to you that the proof in this case and the reasonable inference in this case is this.  The Defendant was paying [Smith] to use her house.”  The trial court sustained Appellant’s objection and instructed the jury to disregard but denied Appellant’s motion for mistrial.  Later during his argument, the prosecutor continued, stating “[Appellant] was living with [Smith], paying her off out of the money from that safe.”  The trial judge overruled Appellant’s objection to this statement.

The statements made by the prosecutor cannot be categorized as 
a summation of the evidence, a reasonable deduction from the evidence, an answer to argument of opposing counsel, or plea for law enforcement.  The relevant evidence presented showed that Appellant had a key to the duplex, Appellant had informed police that he stayed at the duplex with his girlfriend, and male clothing was found in the master bedroom of the duplex. 
 Officers found cash in the safe
, which was rolled and secured by a rubber band in the same manner as money that was found in Smith’s purse.  It appears that, through his statements that Appellant was “paying [Smith] to use her house” and “paying [Smith] off out of the money from that safe,” the prosecutor was attempting to strengthen Appellant’s control over the cocaine that officers found in the safe.  We conclude these statements were not reasonable deductions from the evidence presented. 

The trial court sustained Appellant’s objection to the initial statement made by the prosecutor and instructed the jury to disregard the statement.  We must balance the factors to determine whether the trial court abused its discretion in denying the mistrial.  
See Hawkins
, 135 S.W.3d at 77.  The misconduct was not severe because the issue of whether Appellant paid Smith to use the house was not a significant issue.  Additionally, the trial court promptly instructed the jury to disregard the statement and, in light of the evidence as a whole, it is likely that Appellant would have been convicted of possession of cocaine even absent this statement by the prosecutor.  We cannot conclude that the prosecutor’s statement was “so prejudicial that expenditure of further time and expense would be wasteful and futile.”  
See id.
 We hold that the trial court did not abuse its discretion in denying Appellant’s request for a mistrial.  Therefore, we overrule point four.

The trial court improperly overruled Appellant’s objection to the second statement; therefore, we must determine whether the trial court’s overruling of Appellant’s objection affected his substantial rights. 
 See 
Tex. R. App. P. 
44.2(b)
.  Here, the misconduct was not severe and the prosecutor’s remark would have little prejudicial effect on the jury’s decision because the issue of whether Appellant paid Smith to use the house was not a significant issue.  Although no curative measures, such as an instruction to disregard, were taken in response to the prosecutor’s second statement, the jury had previously been told to disregard a similar statement.  Finally, the nature of the evidence as a whole suggests that Appellant would have been convicted of possession of cocaine even absent the prosecutor’s remarks.  Thus, we hold that the trial court did not abuse its discretion in overruling Appellant’s objection.  Accordingly, we overrule point five.

In his ninth point, Appellant contends that the trial court reversibly erred in denying his request for a mistrial after the prosecutor made reference to Appellant being a drug dealer, in violation of the motion in limine.  Appellant never directs us to a specific portion of the record where the prosecutor alludes to his drug selling activities, but a thorough review of closing arguments reveals that the prosecutor mentioned the scale and the “deal baggies” that were found in the chest of drawers a total of three times.  In his conclusion, the prosecutor told the jury, 

. . . [y]ou know what kind of person the Defendant is with his scale, his baggies, and his dope.  And I submit the evidence suggests that there’s a lot more going on out there than possession of controlled substance, but that’s what he’s charged with, and that’s what I ask you to find him guilty of. 

Appellant contends that the issue of whether he had been selling drugs had previously been resolved against the State beyond a reasonable doubt, and therefore, was not the proper subject of jury argument.  During the initial trial of this cause, Appellant was acquitted of possession of a controlled substance with the intent to deliver, and the jury found him guilty of the lesser included offense of possession of a controlled substance, but the trial court declared a mistrial because the jury was unable to agree on a sentence. Appellant contends that the State was attempting to urge that Appellant engaged in selling drugs in an effort to influence the jury’s verdict.  Appellant did not object to a single instance where the prosecutor mentioned the deal baggies and scale or the argument quoted above.  It was not until after the jury was excused that Appellant requested a mistrial based on the prosecutor’s implication that Appellant was dealing drugs.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley
, 983 S.W.2d at 265.  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004)
. 
 An objection must be made as soon as the basis for the objection becomes apparent.  
Tex. R. Evid.
 103(a)(1);
 Lagrone v. State
, 942 S.W.2d 602, 618 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 917 (1997); 
Polk v. State
, 729 S.W.2d 749, 753 (Tex. Crim. App. 1987).
  
Absent an objection to jury argument at trial, nothing is presented for review.  
Threadgill v. State
, 146 S.W.3d 654, 667 (Tex. Crim. App. 2004); 
Valencia v. State
, 946 S.W.2d  81, 82-83 (Tex. Crim. App. 1997) (op. on reh’g).  
Error is not preserved when the defense waits until the prosecutor has finished his argument and the jury has been excused before objecting and moving for mistrial. 
 Haliburton v. State
, 80 S.W.3d 309, 315-16 (Tex. App.—Fort Worth 2002, no pet.).

Appellant requested a mistrial based on the prosecutor’s references to the facts that would lead to an inference that Appellant was dealing drugs after the jury had been excused.  
Because Appellant failed to timely object to the jury argument at trial, he has not preserved this complaint for our review.  Therefore, we overrule Appellant’s ninth point.

EXTRANEOUS OFFENSE TESTIMONY

In points six, seven, and eight, Appellant contends that the trial court reversibly erred and abused its discretion in overruling his objections to the admissibility of testimony of drug dealing activity occurring at the duplex prior to the search and arrest of Appellant because the evidence was inadmissible as “background contextual evidence.”  He complains about Detective Turner’s testimony that she observed what she believed to be drug dealing activity when she saw vehicles approach the alleyway, a person approached the vehicles, and shortly thereafter, the vehicles drove away.  He further contests Detective Turner’s testimony that she saw signs of counter-surveillance in the area, where people would ride around on bicycles and inform the subjects in the alleyway when a police car would drive by, and the subjects would then retreat into the duplexes.  Detective Turner never testified that Appellant was selling drugs outside the duplexes. 

We review a trial court’s ruling to admit or exclude evidence under an abuse of discretion standard.  
Rankin v. State
, 974 S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh’g); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  If the trial court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Rankin
, 974 S.W.2d at 718; 
Montgomery
, 810 S.W.2d at 391.

The State contends that Appellant has waived the objection because his complaint on appeal does not comport with his trial objection.  The State urges that Appellant’s trial objections were based upon Rules 401 and 403, but his complaint on appeal, based upon Rule 404(b), was never ruled on by the trial court.  We disagree because the trial court expressly granted Appellant’s request for a limiting instruction, and the limiting instruction specifically tracked the language of Rule 404(b); therefore, by implication, the trial court considered Appellant’s objection to the extraneous offense testimony to include an objection under Rule 404(b).

Evidence of an extraneous offense is not admissible to prove the character of a defendant in order to show that the defendant acted in conformity with that character on a particular occasion. 
 See 
Tex. R. Evid.
 404(b)
; Lockhart v. State
, 847 S.W.2d 568, 570 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 849 (1993).  In order to constitute an improper reference to an extraneous offense, “the evidence must show a crime or bad act, and that the defendant was connected to it.” 
Lockhart
, 847 S.W.2d at 573.  Evidence of an extraneous offense must necessarily involve evidence of prior criminal conduct by the accused. 
 McKay v. State
, 707 S.W.2d 23, 31-32 (Tex. Crim. App. 1985), 
cert. denied
, 479 U.S. 871 (1986). 

The court of criminal appeals has set forth a two-part test to be applied in determining the admissibility of background evidence.  
Mayes v. State
, 816 S.W.2d 79, 84-87 (Tex. Crim. App. 1991).  The first question to be addressed is whether the background evidence is relevant under Rule 401.
  Rogers v. State
, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993).  If the background evidence in question is relevant, the next issue to be resolved is whether the evidence “should be admitted as an ‘exception’ under Rule 404(b).”  
Id.

Mayes 
distinguished between two types of background evidence:  (1) evidence of other offenses connected with the primary offense, referred to as “same transaction contextual evidence,” and (2) general background evidence, referred to as “background contextual evidence.”  
Id
. at 33.  “Same transaction contextual evidence” is evidence of “acts, words and conduct” of the appellant at the time of his arrest.  
Id. 
 Same transaction contextual evidence is admissible as an exception under Rule 404(b) where such evidence is necessary to the jury's understanding of the instant offense.  
Id
.  Background contextual evidence is character evidence offered on the rationale that it is “background” evidence helpful to a jury, but it is not admissible as one of the alternative purposes for which such evidence may be introduced under Rule 404(b).  
Mayes
, 816 S.W.2d
 
at 88. 

The evidence that Appellant objects to does not rise to the level of alleging that he committed an extraneous offense because the State never attempted to establish that he was connected to any extraneous crime or bad act. 
 See Lockhart
, 847 S.W.2d at 573.  Instead, the State introduced the evidence merely to explain to the jury why the police were interested in this specific area.  
See
 
Williams v. State
, 834 S.W.2d 502, 507-08 (Tex. App.—Fort Worth 1992, pet. ref'd) (holding that testimony in possession-of-firearm case referring to narcotics and characterizing location where the defendant was apprehended as “criminal location” was admissible because it did not connect the defendant to an extraneous crime).  In fact, Appellant specifically stated in his briefing to this court that the drug dealing activity was “shown to be unconnected” to Appellant.

Therefore, we hold that the trial court did not abuse its discretion in admitting the evidence regarding the drug dealing activities that occurred outside the duplexes.  Furthermore, even if the judge erred in allowing any of the testimony into evidence, any error was harmless because the jury was instructed that they were not to consider any testimony concerning extraneous offenses unless they believed beyond a reasonable doubt that such offenses, if any, were committed, and if so, the jury was instructed that they should only consider the extraneous offenses for the limited purposes deemed proper under Rule 404(b).  Accordingly, we overrule points six, seven, and eight.

CONCLUSION

Having overruled Appellant’s nine points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, LIVINGSTON, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 19, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.