COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-385-CR

 

 

IBRAIM MENA                                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Introduction

Appellant Ibraim Mena appeals
his 180-day sentence in a state jail facility and $5,000 fine for possession of
a controlled substance.  In one point,
appellant challenges the legal and factual sufficiency of the evidence
supporting his conviction.  We affirm.

 








Background Facts

On May 7, 2005, Officer Craig
Berry activated the overhead lights on his patrol car to stop appellant for a
traffic violation on Highway 114 in Denton County.  Before appellant pulled over, appellant threw
a piece of paper out of the driver=s side window.  Officer Berry
approached the car, spoke to appellant, who was alone, about the traffic
violation, and asked what he threw from the vehicle.  Appellant said he threw out a piece of
gum.  Officer Berry then asked appellant
to exit the car and conducted a horizontal gaze nystagmus test to determine if
appellant was intoxicated.  Appellant
admitted to having consumed three beers earlier in the night, but he passed the
field sobriety test.  After another
officer arrived, Officer Berry walked back to the portion of the roadway where
he saw an object that appeared to be what appellant had discarded and found a
folded up piece of paper that contained cocaine.  Officer Berry arrested appellant, who was
later convicted by a jury of possession of a controlled substance.

Standards of Review








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict to determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165
S.W.3d 691, 693 (Tex. Crim. App. 2005). 
The standard of review is the same for direct and circumstantial
evidence cases.  Burden v. State,
55 S.W.3d 608, 613 (Tex. Crim. App. 2001); Kutzner v. State, 994 S.W.2d
180, 184 (Tex. Crim. App. 1999).

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence in
a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id.  We cannot conclude that a conviction is
clearly wrong or manifestly unjust simply because we would have decided
differently than the jury or because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact-finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

 

 

 








Applicable Law

Appellant contends that the
evidence is legally and factually insufficient to prove an affirmative link
between appellant and the cocaine found by Officer Berry.

To prove unlawful possession
of a controlled substance, the State must prove that the accused exercised
control, management, or care over the substance and that he knew the matter
possessed was contraband.  Tex. Health & Safety Code Ann. ' 481.002(38) (Vernon Supp. 2006); Joseph v. State, 897
S.W.2d 374, 376 (Tex. Crim. App. 1995); Martin v. State, 753 S.W.2d 384,
387 (Tex. Crim. App. 1988);  Tucker v.
State, 183 S.W.3d 501, 510 (Tex. App.CFort Worth 2005, no pet.); Harris v. State, 173 S.W.3d 575, 579
(Tex. App.CFort Worth
2005, no pet.).  The evidence Amust establish, to the requisite level of confidence, that the accused=s connection with the drug was more than just fortuitous.  This is the whole of the so‑called >affirmative links= rule.@  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995);  Tucker, 183 S.W.3d at 510; Garrett
v. State, 161 S.W.3d 664, 671-72 (Tex. App.CFort Worth 2005, pet. ref=d).








The Aaffirmative links rule@ is
designed to protect the innocent bystander from conviction based solely upon
his fortuitous proximity to someone else=s drugs.  This rule simply restates the common‑sense
notion that a personCsuch
as a father, son, spouse, roommate, or friendCmay
jointly possess property like a house but not necessarily jointly possess the
contraband found in that house.  Thus, we
have formulated the rule that A[w]hen the accused is not in
exclusive possession of the place where the substance is found, it cannot be
concluded that the accused had knowledge of and control over the contraband
unless there are additional independent facts and circumstances which affirmatively
link the accused to the contraband.@

 








Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (footnotes omitted);  Tucker, 183 S.W.3d at 510;
McQuarters v. State, 58 S.W.3d 250, 259 (Tex. App.CFort Worth 2001, pet. ref=d).  Factors we consider
include  (1) the defendant=s presence when a search warrant was executed, (2) whether the
contraband was in plain view, (3) the defendant=s proximity to and the accessibility of the narcotic,  (4) whether the defendant was under the
influence of narcotics when arrested, (5) whether the defendant possessed other
contraband or narcotics when arrested, (6) whether the defendant made
incriminating statements when arrested, (7) whether the defendant attempted to
flee, (8) whether the defendant made furtive gestures, (9) whether the
contraband had an odor, (10) whether other contraband or drug paraphernalia
were present,  (11) whether the defendant
owned or had the right to possess the place where the drugs were found, (12)
whether the place where the drugs were found was enclosed, (13) whether the
accused was the driver of the automobile in which the contraband was found,
(14) whether the defendant was found with a large amount of cash, and (15)
whether the conduct of the accused indicated a consciousness of guilt.  Tucker, 183 S.W.3d at 510;  McQuarters, 58 S.W.3d at 259.

Analysis

The stop in the present case
occurred at 4:00 a.m.  Officer Berry
testified that after he activated his overhead lights, he saw an object being
tossed out of the driver=s side
window before appellant fully pulled over. 
In fact, before pulling over, appellant passed two driveways before
turning into the third entrance of a shopping center; appellant was between the
second and third driveway when Officer Berry saw him throw an object from the
car.  Appellant was alone in the car.

Although Officer Berry=s field sobriety test indicated that appellant was not intoxicated,
appellant told Officer Berry that he had consumed three beers earlier in the
evening.  Appellant also admitted to
Officer Berry that he had thrown something out of the car; however, he said the
object was gum that he had been chewing to mask the alcohol on his breath.[2]  Appellant testified that he was aware that
Officer Berry was behind him when he threw the object from his car.








When another police officer
arrived, Officer Berry walked back down the roadway to the median where he had
observed appellant throw the object from his car.  Although another vehicle drove by while
Officer Berry was looking in the area, the passing car had all of its windows
rolled up, and Officer Berry testified that nothing was thrown from the
vehicle.  There was no other traffic nor
were there any pedestrians in the area. 
In addition, although there was a breeze that night, the area was
well-lit and clean.

Officer Berry found a folded
piece of paper that contained a white powdery, chunky substance later confirmed
to be cocaine.  Officer Berry testified
that the piece of paper was about the size of a stick of Dentyne gum and that
it looked like the paper was from a page of a magazine.  The police did not find any other drugs or
drug paraphernalia on appellant or in his vehicle after they placed him under
arrest for possession of a controlled substance.








Although appellant contends
there is insufficient evidence linking him to the drugs that Officer Berry
found, appellant admitted that he threw something out of the car in an area
that was clean of debris and well-lit, and Officer Berry found the drugs in that
same area, which was devoid of traffic and pedestrians.  Therefore, applying the appropriate standards
of review and the affirmative links rule, we conclude that the evidence is
legally and factually sufficient to support the jury=s verdict.  See Noah v.
State, 495 S.W.2d 260, 263-64 (Tex. Crim. App. 1973) (holding that evidence
was sufficient to establish possession of drugs when police officer saw
defendant throw package from moving car); Blackmon v. State, 830 S.W.2d
711, 713-14 (Tex. App.CHouston [1st
Dist.] 1992, pet. ref=d) (holding
that evidence was sufficient to demonstrate defendant had possession of
matchbox full of cocaine because police officer saw defendant throw matchbox on
ground when police approached);  cf.
Williams v. State, 834  S.W.2d 502,
505-06 (Tex. App.CFort Worth
1992, pet. ref=d) (holding
that evidence was sufficient to prove that defendant was in possession of gun
that police officer saw him throw towards a fence while being pursued).  We overrule appellant=s sole point. 

Conclusion

Having overruled appellant=s sole point, we affirm the trial court=s judgment.

 

TERRIE LIVINGSTON

JUSTICE

                                                    

PANEL F:    CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
October 4, 2007











[1]See Tex. R. App. P. 47.4.





[2]Officer
Berry smelled a moderate odor of alcohol on appellant.