MENA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-385-CR

IBRAIM MENA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Ibraim Mena appeals his 180-day sentence in a state jail facility and $5,000 fine for possession of a controlled substance.  In one point, appellant challenges the legal and factual sufficiency of the evidence supporting his conviction.  We affirm.

Background Facts

On May 7, 2005, Officer Craig Berry activated the overhead lights on his patrol car to stop appellant for a traffic violation on Highway 114 in Denton County.  Before appellant pulled over, appellant threw a piece of paper out of the driver’s side window.  Officer Berry approached the car, spoke to appellant, who was alone, about the traffic violation, and asked what he threw from the vehicle.  Appellant said he threw out a piece of gum.  Officer Berry then asked appellant to exit the car and conducted a horizontal gaze nystagmus test to determine if appellant was intoxicated.  Appellant admitted to having consumed three beers earlier in the night, but he passed the field sobriety test.  After another officer arrived, Officer Berry walked back to the portion of the roadway where he saw an object that appeared to be what appellant had discarded and found a folded up piece of paper that contained cocaine.  Officer Berry arrested appellant, who was later convicted by a jury of possession of a controlled substance.

Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.  
Watson
, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
  Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
 Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Applicable Law

Appellant contends that the evidence is legally and factually insufficient to prove an affirmative link between appellant and the cocaine found by Officer Berry.

To prove unlawful possession of a controlled substance, the State must prove that the accused exercised control, management, or care over the substance and that he knew the matter possessed was contraband.
  Tex. Health & Safety Code Ann
. § 481.002(38) (Vernon Supp. 2006); 
Joseph v. State
, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995); 
Martin v. State
, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988); 
 
Tucker v. State
, 183 S.W.3d 501, 510 (Tex. App.—Fort Worth 2005, no pet.
); 
Harris v. State
, 173 S.W.3d 575, 579 (Tex. App.—Fort Worth 2005
, no pet.).  The evidence “must establish, to the requisite level of confidence, that the accused’s connection with the drug was more than just fortuitous.  This is the whole of the so-called ‘affirmative links’ rule.”
  Brown v. State
, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995);  
Tucker
, 183 S.W.3d at 510; 
Garrett v. State
, 161 S.W.3d 664, 671-72 (Tex. App.—Fort Worth 2005, pet. ref’d).

The “affirmative links rule” is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else’s drugs.  This rule simply restates the common-sense notion that a person—such as a father, son, spouse, roommate, or friend—may jointly possess property like a house but not necessarily jointly possess the contraband found in that house.  Thus, we have formulated the rule that “[w]hen the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband.”

Poindexter v. State
, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (footnotes omitted); 
 
Tucker
, 183 S.W.3d at 510;
 McQuarters v. State
, 58 S.W.3d 250, 259 (Tex. App.—Fort Worth 2001, pet. ref’d)
.  Factors we consider include  (1) the defendant’s presence when a search warrant was executed, (2) whether the contraband was in plain view, (3) the defendant’s proximity to and the accessibility of the narcotic,  (4) whether the defendant was under the influence of narcotics when arrested, (5) whether the defendant possessed other contraband or narcotics when arrested, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether the contraband had an odor, (10) whether other contraband or drug paraphernalia were present,  (11) whether the defendant owned or had the right to possess the place where the drugs were found, (12) whether the place where the drugs were found was enclosed, (13) whether the accused was the driver of the automobile in which the contraband was found, (14) whether the defendant was found with a large amount of cash, and (15) whether the conduct of the accused indicated a consciousness of guilt.  
Tucker
, 183 S.W.3d at 510
;  McQuarters
, 58 S.W.3d at 259.

Analysis

The stop in the present case occurred at 4:00 a.m.  Officer Berry testified that after he activated his overhead lights, he saw an object being tossed out of the driver’s side window before appellant fully pulled over.  In fact, before pulling over, appellant passed two driveways before turning into the third entrance of a shopping center; appellant was between the second and third driveway when Officer Berry saw him throw an object from the car.  Appellant was alone in the car.

Although Officer Berry’s field sobriety test indicated that appellant was not intoxicated, appellant told Officer Berry that he had consumed three beers earlier in the evening.  Appellant also admitted to Officer Berry that he had thrown something out of the car; however, he said the object was gum that he had been chewing to mask the alcohol on his breath.
(footnote: 2)  Appellant testified that he was aware that Officer Berry was behind him when he threw the object from his car.

When another police officer arrived, Officer Berry walked back down the roadway to the median where he had observed appellant throw the object from his car.  Although another vehicle drove by while Officer Berry was looking in the area, the passing car had all of its windows rolled up, and Officer Berry testified that nothing was thrown from the vehicle.  There was no other traffic nor were there any pedestrians in the area.  In addition, although there was a breeze that night, the area was well-lit and clean.

Officer Berry found a folded piece of paper that contained a white powdery, chunky substance later confirmed to be cocaine.  Officer Berry testified that the piece of paper was about the size of a stick of Dentyne gum and that it looked like the paper was from a page of a magazine.  The police did not find any other drugs or drug paraphernalia 
on appellant or in his vehicle after they placed him under arrest for possession of a controlled substance.

Although appellant contends there is insufficient evidence linking him to the drugs that Officer Berry found, appellant admitted that he threw something out of the car in an area that was clean of debris and well-lit, and Officer Berry found the drugs in that same area, which was devoid of traffic and pedestrians.  
Therefore, applying the appropriate standards of review and the affirmative links rule, we conclude that the evidence is legally and factually sufficient to support the jury’s verdict. 
 See Noah v. State, 
495 S.W.2d 260, 263-64 (Tex. Crim. App. 1973) (holding that evidence was sufficient to establish possession of drugs when police officer saw defendant throw package from moving car); 
Blackmon v. State, 
830 S.W.2d 711, 713-14 (Tex. App.—Houston [1st
 Dist.] 1992, pet. ref’d) (holding that evidence was sufficient to demonstrate defendant had possession of matchbox full of cocaine because police officer saw defendant throw matchbox on ground when police approached);
  cf. Williams v. State, 
834  S.W.2d 502, 505-06 (Tex. App.—Fort Worth 1992, pet. ref’d) (holding that evidence was sufficient to prove that defendant was in possession of gun that police officer saw him throw towards a fence while being pursued).  We overrule appellant’s sole point. 

Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: October 4, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Officer Berry smelled a moderate odor of alcohol on appellant.