COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-09-00137-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | County Criminal Court at Law No. 1 |
| EDUARDO MORALES, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080C01361) |
| | § | |

## MEMORANDUM OPINION

The State appeals the trial court's order granting Eduardo Morales' motion to suppress. We sustain the State's sole issue, reverse the trial court's order, and remand for further proceedings.

## BACKGROUND

Morales was charged by information for driving while intoxicated. Morales subsequently filed a motion to suppress his arrest and any evidence seized as a result of that arrest, claiming the arrest was not based on probable cause since the officers did not observe him operating his motorcycle. Morales did not contest that he was intoxicated or any other elements of the charged offense.

At the suppression hearing, El Paso Police Officer Eloy Serna testified that on January 27, 2008, at approximately 12:30 a.m., he and his partner, Pablo Estrada, were on routine patrol when he observed a dark silhouette in the middle of the roadway on the double-yellow lines. As they drew closer, the officers saw that the silhouette was Morales, straddling his motorcycle in the inside lane. It appeared that Morales was attempting to kick-start the bike as he was moving his left foot up and

down on the bike. Morales' headlights were not on, and he was unable to start his bike. Serna thought Morales appeared to be intoxicated.

The officers asked Morales to dismount, and they pushed the motorcycle to the sidewalk. Meanwhile, Officer Anaya arrived and advised Serna and Estrada that he was dispatched to the Cabaret Bar, just one block away, for a disturbance and that the suspect had left on a motorcycle. Thus, Serna asked Morales where he was coming from, and Morales replied that he was heading home from the Cabaret Bar.

Based on the officers' testimonies, Morales argued to the trial court that he was not "operating a motor vehicle because the motor vehicle was not operating." According to Morales, simply "straddling that motorcycle without the engine running, without the brake lights illuminated, without engaging the clutch, without changing gears is nothing more than sitting on a tricycle." Initially, the State responded that pretrial proceedings do not contemplate mini-trials on the sufficiency of the evidence to support an element of the offense. The State then argued that the totality of the circumstances, that is, Morales' presence at the bar and then in the middle of the street, with the officers' observance of Morales trying to start his bike, demonstrated that Morales operated a motor vehicle. The trial court disagreed, and granted the motion to suppress. In its findings of fact and conclusions of law, the trial court found the officers' testimony credible but concluded that the officers lacked probable cause to arrest Morales since "the operation of the motorcycle was not shown."

## DISCUSSION

On appeal, the State asserts that it was not required to sufficiently prove operation of the motorcycle, an element of the charged offense, at the suppression hearing. According to the State, a motion to suppress is concerned with the legality of the seizure of evidence, not whether the

prosecutor can sufficiently prove the elements of the charged offense. Arguing that the information possessed by the police provided sufficient probable cause to believe Morales had committed the offense of driving while intoxicated, the State concludes that the arrest was lawful, and that the trial court's ruling was erroneous and effectively denied the State its right to proceed to trial on the lawfully obtained evidence. Morales did not file a brief responding to the State's contentions.

## Standard of Review

The applicable standard of review is as follows:

> When reviewing the trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling. When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. We review the trial court's legal ruling *de novo*. We uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case.

*State v. Iduarte*, 268 S.W.3d 544, 548-549 (Tex. Crim. App. 2008) (citations omitted).

## Limits of Suppression Hearings

A suppression hearing has very limited purposes. *See Iduarte*, 268 S.W.3d at 551; *Woods v. State*, 153 S.W.3d 413, 415 (Tex. Crim. App. 2005). Those purposes include addressing preliminary matters, that is, those matters that can be resolved before there is a trial on the merits of the case. *Iduarte*, 268 S.W.3d at 551-52; *Woods*, 153 S.W.3d at 415. Suppression hearings, however, do not authorize mini-trials on the sufficiency of the evidence to support an element of the offense. *Iduarte*, 268 S.W.3d at 551-52; *Woods*, 153 S.W.3d at 415; *State v. Marquez*, 281 S.W.3d 56, 60 (Tex. App.–El Paso 2008, pet. stricken); *Harris v. State*, 173 S.W.3d 575, 580 (Tex. App.–Fort Worth 2005, no pet.); *State v. Bartee*, 894 S.W.2d 34, 40 n.4 (Tex. App.–San Antonio 1994, no pet.); *State v. Jimenez*, 763 S.W.2d 436, 437 (Tex. App.–El Paso 1988, pet. ref'd). Thus, as applicable to this case, the only issue the trial court could determine was whether the officers had

probable cause to arrest Morales, not whether the State could present sufficient evidence to support one of the elements of the charged driving-while-intoxicated offense.

*Authority to Arrest*

Here, the State asserts that the officers lawfully arrested Morales without a warrant because the officers had probable cause to believe a breach of peace was committed and the events occurred at a suspicious place. We agree.

Article 14.03(a) of the Code of Criminal Procedure authorizes a peace officer to make an arrest for breach of peace without a warrant (1) if there is probable cause and (2) the arrest occurs at a suspicious place. TEX. CODE CRIM. PROC. ANN. art. 14.03(a) (Vernon 2005); *Dyar v. State*, 125 S.W.3d 460, 462-64 (Tex. Crim. App. 2003). Public intoxication and driving while intoxicated are breaches of peace. *Gallups v. State*, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004); *Trent v. State*, 925 S.W.2d 130, 133 (Tex. App.–Waco 1996, no pet.).

Probable cause to arrest exists when "'at that moment [of the arrest] the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense.'" *Parker v. State*, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006) (quoting *Beverly v. State*, 792 S.W.2d 103, 104-05 (Tex. Crim. App. 1990). While probable cause requires more than mere suspicion, it requires far less evidence than the evidence needed to support a conviction. *Middleton v. State*, 125 S.W.3d 450, 460 (Tex. Crim. App. 2003). Further, any place may become suspicious when (1) a person at that location and the accompanying circumstances raise a reasonable belief that the person has committed a crime, and (2) exigent circumstances call for immediate action or detention by the police. *Swain v. State*, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005). In determining the officer's authority to arrest under article 14.03(a),

we consider the totality of the circumstances. *Dyar*, 125 S.W.3d at 468.

Looking at the totality of the circumstances, we believe the officers lawfully arrested Morales. The information known to the officers was that just after midnight, a suspect involved in a disturbance left the Cabaret Bar on a motorcycle minutes before the officers observed Morales in the middle of the roadway, straddling a motorcycle. Although at the time Serna and Estrada first observed Morales, he was unsuccessfully kick-starting his motorcycle, Morales told the officers that he was coming from the Cabaret Bar and heading home. Morales does not contest that he was intoxicated. From this evidence, the officers could have reasonably believed that Morales drove at least one block, while intoxicated, thus giving them probable cause to arrest for driving while intoxicated.[1] *See Adkins v. State*, 764 S.W.2d 782, 785 (Tex. Crim. App. 1988) (stating that an officer has probable cause to arrest when "at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense"); *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (explaining that probable cause deals with probabilities and may be established by far less evidence than that necessary to support a conviction or even a finding by a preponderance of evidence); *Texas Dep't. of Pub. Safety v. Pruitt*, 75 S.W.3d 634, 640-41 (Tex. App.–San Antonio 2002, no pet.) (finding probable cause to believe defendant operated a motor vehicle when he admitted to officer that he was driving the vehicle involved in the accident). Moreover, because the officers had a reasonable belief that Morales drove while intoxicated, immediate detention and action by the police was necessary to

---

[1] Even if we were to conclude that the officers lacked probable cause to arrest Morales for driving while intoxicated because the officers did not actually see Morales driving, the officers had probable cause to arrest for public intoxication inasmuch as Morales does not contest that he was intoxicated. *See Pringle v. State*, 732 S.W.2d 363, 368 (Tex. App.–Dallas 1987, pet. ref'd); *Reynolds v. State*, 902 S.W.2d 558, 560 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd).

move Morales off the road and prevent him from hurting himself or others by driving in an inebriated state. Thus, we find that the arrest occurred in a suspicious place. *See Dyar*, 125 S.W.3d at 468 (combination of slurred speech, red glassy eyes, strong smell of alcohol and unintelligible responses soon after single car accident made hospital "suspicious place" to satisfy probable cause for driving while intoxicated); *Sandoval v. State*, 35 S.W.3d 763, 768 (Tex. App.–El Paso 2000, pet. ref'd) (backyard where intoxicated suspect was located following accident deemed "suspicious place"); *Pringle*, 732 S.W.2d at 368 (parking lot where suspect was found in her car deemed suspicious place); *Peters v. Texas Dep't of Public Safety*, No. 05-05-00103-CV, 2005 WL 3007783, at *2 (Tex. App.–Dallas Nov. 10, 2005, no pet.) (mem. op., not designated for publication) ("signs of a suspect's intoxication and his location may combine to create a 'suspicious place' for the purposes of establishing probable cause in DWI cases").

In short, because the record shows (1) the officers had probable cause to believe a breach of peace, driving while intoxicated, was committed, and (2) the arrest occurred at a suspicious place, we conclude the officers were authorized to arrest Morales without a warrant pursuant to article 14.03(a). Whether the State sufficiently proved beyond a reasonable doubt that Morales operated a motor vehicle was simply not an issue for the trial court to determine at the suppression hearing; rather, the only issue was whether the officers, based on all the facts and circumstances known to them at the time, had probable cause to lawfully arrest Morales without a warrant. *See Iduarte*, 268 S.W.3d at 551-52; *Woods*, 153 S.W.3d at 415; *Marquez*, 281 S.W.3d at 60; *Harris*, 173 S.W.3d at 580; *Bartee*, 894 S.W.2d at 40 n.4; *Jimenez*, 763 S.W.2d at 437. Accordingly, we sustain the State's sole issue.

## CONCLUSION

Having sustained the State's sole issue, we reverse the trial court's ruling on Morales' motion

to suppress and remand the case to the trial court for further proceedings consistent with this opinion.


GUADALUPE RIVERA, Justice

March 10, 2010

Before McClure, J., Rivera, J., and Guaderrama, Judge
Guaderrama, Judge, sitting by assignment

(Do Not Publish)