The STATE of Texas, Appellant,

v.

Juan Ramon JIMENEZ, Appellee.

No. 08–88–00158–CR.

Court of Appeals of Texas,
El Paso.

Oct. 12, 1988.

Rehearing Denied Nov. 23, 1988.

Discretionary Review Refused
March 22, 1989.

such an extent that it may reasonably be inferred that the accused knew of the contraband's existence and of its whereabouts, and that he exercised care, custody, control or management over it. The case points out, for instance, that a strong smell of marihuana in the vicinity of a defendant can be a link.

Affirmative links to evidence bear upon the sufficiency of evidence. A motion to suppress is concerned with the illegality of siezure of evidence. There is no pre-trial procedure available to test the sufficiency of evidence in a criminal case. Both the State and the Defendant are entitled to a trial on the merits, and both are entitled to a trial by jury. The trial court has attempted to deny the State its right to a jury trial on the merits as provided for in Tex.Code Crim.Pro.Ann. art. 1.13 (Vernon 1977).

The order of the trial court is reversed and the case is remanded for trial on the merits.

Steve Simmons, Dist. Att., El Paso, for appellant.

Gary Hill, Charles Louis Roberts, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

### OPINION

WOODARD, Justice.

This is an appeal by the State from an order of the trial court suppressing evidence after a pre-trial hearing. We reverse.

The Defendant was charged with possession of marihuana. He filed a motion to suppress the evidence alleging that it was illegally obtained, and a motion to dismiss the case on the basis of insufficient evidence. The trial court suppressed the evidence for "failure to establish an affirmative link under *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987)". Evidence must affirmatively link the accused to the contraband in such a manner and to

