**The STATE of Texas, Appellant,**

v.

**Oscar MARQUEZ, Appellee.**

**No. 08–06–00235–CR.**

Court of Appeals of Texas, El Paso.

March 27, 2008.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Theresa Caballero, El Paso, for appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

KENNETH R. CARR, Justice.

This is a State's appeal from an order granting Appellee Marquez's motion to suppress the evidence. We affirm in part and reverse and remand in part.

## I. SUMMARY OF THE EVIDENCE

On December 22, 2004, an indictment was handed down charging Marquez with the offense of assault on a public servant. He filed a pretrial motion to suppress the evidence, alleging that the arrest was unlawful.[1] Two hearings were held on the motion, one on August 19, 2005, and one on February 24, 2006.

At the initial hearing on Marquez's motion to suppress the evidence, El Paso Police Officer Louis Johnson testified that, on November 25, 2004, he and his partner, Officer Moreno, received a dispatch to proceed to an apartment complex located at 212 Elizabeth, regarding an assault family-violence call. As they approached the complex, Officer Johnson testified that he saw Marquez toss some item to the ground in a furtive manner. He also saw Marquez's cousin, who was standing by Marquez, run into a nearby apartment. When Officer Johnson approached Marquez, he saw that it was a beer bottle that Marquez had thrown to the ground.

In response to a question about his age, Marquez stated that he was eighteen. The officer testified that Marquez had glassy, bloodshot eyes and that he was wavering with an unsteady balance. He appeared to be intoxicated. Officer Johnson placed Marquez under arrest for littering and for consumption of alcohol by a minor. The officer testified that it was his intent to

---

1. In his motion to suppress the evidence, Marquez sought to suppress: (1) all tangible evidence, including any and all items of physical evidence, any and all items of illegal contraband, any and all papers and writings of the defendant, any and all photographs taken at the scene, and any weapons or other implements of the crime; (2) all photographs taken by law-enforcement officers of any of the items described in section (1); (3) all statements made and actions taken by the defendant, if any, after being apprehended by law-enforcement officers; and (4) testimony of law-enforcement officers, their agents, and all other persons working with such officers and agents.

obtain the requisite personal information and then to issue a citation, whereupon Marquez would be released to a responsible party.

Marquez picked up the bottle at the officer's direction. He then quickly turned and attempted to flee into the apartment where his cousin had fled. Officer Johnson grabbed the back of Marquez's shirt and pulled him back. Both fell backwards onto the pavement, and the bottle broke against the cement. Fearing that the broken bottle would be used as a weapon, the officer tried to take away the broken bottle and handcuff Marquez. Marquez began fighting with both officers, and he refused to let go of the broken bottle. Marquez kept kicking and continued to resist the officers' attempts to handcuff him.

After cross-examination and some questioning by the court, the court expressed disbelief that Officer Johnson would ask Marquez to pick up the glass bottle, if he was concerned for his own safety. The court indeed expressed disbelief with regard to Officer Johnson's entire testimony.

■ At the subsequent hearing on the motion to suppress the evidence, the State argued, citing *Cooper v. State*, 956 S.W.2d 95 (Tex.App.-Tyler 1997, pet. ref'd), that the legality of the initial arrest was irrelevant to the question of guilt in a case for assault on a peace officer.[2] Marquez countered that the *Cooper* case was distinguishable, because his arrest had been processed through a system called the District Attorney Information Management System (DIMS).[3] The State argued further

that, even if the initial arrest was illegal, evidence of a subsequent assault on a public servant was not subject to suppression under the exclusionary rule. On June 14, 2006, the trial court signed a written order granting Marquez's motion to suppress the evidence. The State filed a motion to reconsider the ruling and requested findings of fact and conclusions of law.

At the hearing held on that motion, the court stated that its prior ruling was too broad, in that she did not intend to suppress the testimony of the complaining witness, Officer Johnson. The court set aside its previous order and issued another order suppressing all the evidence except the testimony of the complaining witness. On June 30, 2006, the court held a hearing and set aside both of its prior orders.

Ultimately, on August 23, 2006, the court signed the written order granting Marquez's motion to suppress, stating:

> The Court, after considering the Motion, the law, the facts, and the arguments of Counsel, is of the opinion that said motion should be **GRANTED**, on probable cause grounds only. Therefore, the court finds no probable cause in this case.

(Capitalization and emphasis in original.)

On August 29, 2006, the court issued the following findings of fact and conclusions of law:

> -The Court is the sole judge of the credibility of the witnesses:

982 S.W.2d 899, 902 (Tex.Crim.App.1998) (Price, J., concurring).

---

**2.** This hearing was held after the previous hearing had been continued with the agreement of the parties. At oral argument, Appellee for the first time argued that the State had waived this argument by not raising it at the prior hearing. However, the second hearing was clearly a continuation of the first hearing, and the State preserved this issue by raising it at the second hearing. *See State v. Consaul,*

**3.** The trial court later stated that, because it had determined the arrest was not supported by probable cause, it was not going to address the merits of any claims relating to the DIMS program.

-On August 19, 2005, a Motion to Suppress the Evidence was heard.

-The state offered one witness, El Paso Police Officer Louis Johnson.

-After listening to the testimony of Officer Johnson on both cross and direct examination, the Court determined that the witness lacked credibility in this case.

Therefore, the Court found that there was no probable cause to support the arrest of the Defendant and the Court granted that portion of Defendant's Motion to Suppress.

## II. DISCUSSION

In its sole issue, the State maintains that evidence of an assault of a public servant after an illegal arrest is not suppressible under the exclusionary rule. Specifically, the State contends that, even assuming *arguendo* that the initial arrest was illegal, any evidence of Marquez's subsequent assault on Officer Johnson was not subject to suppression under the exclusionary rule. The State therefore asserts that the court, after having determined that the initial arrest was unsupported by probable cause, erroneously applied the exclusionary rule to suppress evidence that Marquez subsequently assaulted Officer Johnson.

Marquez responds that, since the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony in a suppression proceeding, and, since she disbelieved the State's witness, the trial court correctly suppressed the entirety of his testimony, including the testimony regarding the alleged assault.

■ Initially, we note that a pretrial motion to suppress evidence is not a proper venue for litigating any or all of the elements of an offense. *Woods v. State*, 153 S.W.3d 413, 414 (Tex.Crim.App.2005);

*State v. Jimenez*, 763 S.W.2d 436, 437 (Tex.App.-El Paso 1988, pet. ref'd). A suppression order based on the ground that the evidence substantiating the offense was not credible would, in effect, deny the State its right to a jury trial. *See Woods*, 153 S.W.3d at 415–16.

■ We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.-Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex.Crim. App.2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex.Crim.App.2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex.Crim.App.2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex.Crim.App.2002). But, when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions *de novo*. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim. App.2005); *Johnson*, 68 S.W.3d at 652–53.

■ Stated another way, when reviewing the trial court's ruling on a motion

to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). We must uphold the trial court's ruling, if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex.Crim.App.2003), *cert. denied*, 541 U.S. 974, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004).

▌ In this case, we perceive two possible theories upon which the trial court's ruling may rest. Either the testimony of the officer was credible, but the facts established by that testimony do not constitute probable cause, or the trial court did not find the testimony of the officer to be credible. While it may well be the case that Officer Johnson's testimony, if believed, indicated probable cause for the initial arrest, the trial court was free to disbelieve all of the officer's testimony. *Guzman*, 955 S.W.2d at 89. As the sole trier of facts and judge of credibility, the trial court was not compelled to believe the officer's testimony, even if uncontroverted, based on credibility and demeanor. *Id.* We conclude that it was within the trial court's discretion to grant the motion to suppress evidence of the initial arrest on the ground that it did not believe the uncontroverted testimony before it. *See State v. Ross*, 32 S.W.3d 853, 854 (Tex. Crim.App.2000).

▌ However, the suppression of the evidence of the assault upon the officer calls for a different analysis. Under the Texas exclusionary rule, evidence obtained in violation of state or federal law may not be admitted against the accused in a criminal case. *See* Tex.Code Crim. Proc. Ann. art. 38.23. The phrase "obtained in violation of the law" contemplates that a crime has been committed, that evidence of a crime exists, and that the officer violated the law by attempting to obtain evidence of the previously committed crime. *State v. Mayorga*, 901 S.W.2d 943, 945–46 (Tex. Crim.App.1995) (plurality op.);[4] *Donoho v. State*, 39 S.W.3d 324, 327 (Tex.App.-Fort Worth 2001, pet. ref'd); *Cooper*, 956 S.W.2d at 98. Thus, the evidence which must be excluded under article 38.23 is evidence of the crime that was committed prior to the officer's unlawful search or seizure, not evidence of a crime that was committed thereafter. *See Mayorga*, 901 S.W.2d at 946; *Bryant v. State*, 253 S.W.3d 810, 813 (Tex.App.-Amarillo 2008, no pet. h.); *Donoho*, 39 S.W.3d at 327 (holding that, because appellant committed the aggravated assault after his warrantless arrest, evidence of the assault was not obtained in "violation of the law"); *Cooper*, 956 S.W.2d at 98 (holding that the evidence of aggravated assault on a peace officer did not exist at the time the lawful or unlawful arrest was attempted and that the alleged illegality of the arrest was irrelevant to the crime of aggravated assault). Here, it is clear that the allegedly assaultive conduct occurred after the initial arrest. Accordingly, to the extent that the Court's order suppresses evidence of the alleged assault upon Officer Johnson, the State's issue is sustained.

### III. CONCLUSION

We reverse in part the court's order, to the extent that it suppresses the evidence of the alleged assault upon Officer John-

---

4. The plurality opinion's analysis in *Mayorga* was adopted in *Martinez v. State*, 91 S.W.3d 331, 340 & n. 35 (Tex.Crim.App.2002).

son. We affirm the order, to the extent that it suppresses the evidence of the initial arrest. Accordingly, we remand the cause to the trial court for further proceedings consistent with this opinion.