COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| THE STATE OF TEXAS, | | No. 08-10-00362-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | County Court at Law No. 1 |
| | § | |
| MARISELA GARCIA, | | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC # 20100C02164) |

## O P I N I O N

Marisela Garcia was charged by information with the misdemeanor offense of theft. She filed a pre-trial motion to suppress which the trial court granted. The State has appealed and for the reasons that follow, we reverse.

### FACTUAL SUMMARY

On March 3, 2010, Garcia was charged by information with misdemeanor theft for allegedly stealing a watch, earrings, and cosmetics from Wal-Mart. According to the information, the value of the allegedly stolen items was more than $50 but less than $500.

Garcia argued in her motion to suppress that there was "no lawful warrant, probable cause or other lawful authority to obtain" her, and therefore the *detention* violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution; Article I, Section 9 of the Texas Constitution; and Chapters 14 and 38 of the Texas Code of Criminal Procedure. She also claimed that the items should be suppressed because there was no lawful warrant, probable cause, or other lawful authority for her *arrest* in violation of the same constitutional and statutory provisions listed above.

Initially at the hearing, the State offered to stipulate that if the case "goes to trial, we will not seek to introduce any physical evidence that was obtained as a result of the arrest of Ms. Garcia or even talk about the fact that Ms. Garcia was arrested." For reasons unclear from the record, the State's stipulation was not accepted and defense counsel called the arresting officer to the stand.

Officer Valles testified that he was dispatched to the Wal-Mart located at 10727 Gateway West in El Paso, Texas. When he arrived, Garcia was in the loss prevention office. The officer spoke with the Wal-Mart loss prevention officers and, after taking their statements, he took Garcia into custody. Valles admittedly did not have a warrant for her arrest and did not personally witness the shoplifting. Garcia was not taken to a magistrate when she was taken into custody. According to Officer Valles' testimony, he was advised to stay in the field as long as possible because there were not enough on-duty officers. Instead of going through the Digital Information Managing System (DIMS), the officer used an alternative paper referral system. This allowed Garcia to be summoned to court but avoid jail. The process also saved Officer Valles from completing the booking process. Garcia was handcuffed and taken to the Pebble Hills Regional Command Center where she waited in a cell until all of her information was verified for the court summons.

On cross examination, Valles testified that he may have spoken with Garcia at some point during the process, but that he did not remember what was said, other than the fact that he advised her that she would be summoned to court and that she was released. A female officer performed a pat down at the Regional Command Center, but no evidence was obtained as a result. Officer Valles was the only witness to testify at the hearing, and neither party sought to introduce any exhibits into evidence.

The trial court granted the motion to suppress and filed written findings of fact and conclusions of law:

**Findings Of Fact**

1. A Motion to Suppress Evidence in this case was filed on September 23, 2010.

2. A hearing on that motion was heard on December 2, 2010.

3. The witness who testified at the hearing was Officer Juan Valles of the City of El Paso Police Department. The two loss prevention officers involved did not appear for said hearing.

4. Officer Juan Valles was called to Walmart on December 18, 2009 reference alleged shoplifting and received his information from the loss prevention personnel.

5. Officer Valles' testimony was very scant on specifics. He testified that he could not recall what 'Mike' had told him (i.e. presumably one of the loss prevention officers). He clearly testified contrary to what his own written report reflected regarding key details about the theft episode as they related to defendant herein. He was emphatic about said testimony until shown his own written report.

6. Again, Officer Valles was at a loss as to specifics of how Marisela Garcia was involved individually.

7. On cross-examination, the record reflects many responses of '...I can't recall'; 'I don't know'; 'I wasn't there.' The questions were related specifically to defendant's conduct and/or actions.

8. Based on this officer's testimony, the Court finds that there are no specific articulable facts tying this defendant to the said offense.

**Conclusions Of Law**

1. Officer Valles' uncertainty in his testimony and inability to recall specific facts as related to the defendant's conduct herein do not establish probable cause for the arrest of Marisela Garcia.

2. While sincere, the officer's testimony is nevertheless seriously lacking in establishing the criminal activity afoot insofar as the defendant herein.

The State asked the court to provide more specific findings of fact and conclusions of law concerning what evidence was suppressed. The State also timely filed a notice of appeal with

this court asking that we abate the appeal and direct the trial court to enter more specific findings and conclusions. We denied the motion to abate, holding the record established that the evidence suppressed was the evidence identified in Garcia's motion to suppress.

**STANDARD OF REVIEW**

We review a ruling on a motion to suppress using a bifurcated standard of review. *See Crain v. State*, 315 S.W.3d 43, 48 (Tex.Crim.App. 2010); *Guzman v. State*, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997); *Newbrough v. State*, 225 S.W.3d 863, 866 (Tex.App.--El Paso 2007, no pet.). We afford almost total deference to the trial court's findings of historical fact that are supported by the record, and to mixed questions of law and fact that turn on an assessment of a witnesses' credibility or demeanor. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010); *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman*, 955 S.W.2d at 89. We review the trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor *de novo*. *See Valtierra*, 310 S.W.3d at 447; *Amador*, 221 S.W.3d at 673; *Kothe v. State*, 152 S.W.3d 54, 62-63 (Tex.Crim.App. 2004); *Guzman*, 955 S.W.2d at 89.

Where, as here, the trial judge makes express findings of fact, we must first determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *Valtierra*, 310 S.W.3d at 447; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). However, we review a trial court's legal ruling *de novo*. *State v. Iduarte*, 268 S.W.3d 544, 548-49 (Tex.Crim.App. 2008). "We uphold the trial court's ruling is it is supported by the record and correct under any theory of law applicable to the case." *Id*.

**IMPROPER RULING ON MERITS**

In Issue One, the State argues that the trial court's suppression ruling was an improper ruling on the merits of the State's case, *i.e.*, whether the State could prove Garcia committed theft. In support of its contention, the State points to the trial court's eighth finding of fact noting that "there are no specific articulable facts tying this defendant to the said offense," as well as the second conclusion of law in which the trial court concluded that "[w]hile sincere, the officer's testimony is nevertheless seriously lacking in establishing the criminal activity afoot insofar as the defendant herein." We agree.

Initially we note that a suppression hearing has limited purposes. *See Iduarte*, 268 S.W.3d at 551-52; *Woods v. State*, 153 S.W.3d 413, 415 (Tex.Crim.App. 2005). Such purposes do not include holding a mini-trial on the sufficiency of the evidence to support an element of the offense. *Iduarte*, 268 S.W.3d at 551-52; *Woods*, 153 S.W.3d at 415; *State v. Marquez*, 281 S.W.3d 56, 60 (Tex.App.--El Paso 2008, pet. stricken). As stated in *Iduarte*, "[t]he purpose of a pre-trial motion is to address preliminary matters, not the merits of the case." *Iduarte*, 268 S.W.3d at 552. In other words, the purpose of a pre-trial motion is to address those matters that can be resolved before there is a trial on the merits of the case. *See id*; *Marquez*, 281 S.W.3d at 60; *Harris v. State*, 173 S.W.3d 575, 580 (Tex.App.--Fort Worth 2005, no pet.); *State v. Bartee*, 894 S.W.2d 34, 40 n.4 (Tex.App.--San Antonio 1994, no pet.); *State v. Jimenez*, 763 S.W.2d 436, 437 (Tex.App.--El Paso 1988, pet. ref'd).

Officer Valles was the only witness to testify at the hearing and no evidence, other than his testimony, was offered by either party. In the trial court's findings of fact, Officer Valles' testimony is referred to as "sincere." And, based on the trial court's fourth finding of fact, at a minimum the trial court believed Officer Valles' testimony that on December 18, 2009, he was dispatched to Wal-Mart regarding an alleged shoplifting, and that the information regarding the

alleged shoplifting was provided to Officer Valles by loss prevention officers at Wal-Mart. However, in findings of fact five through seven, the trial court criticizes Officer Valles' testimony. In doing so, the trial court refers to Officer Valles' testimony as "scant on specifics," "at a loss as to specifics," and notes that on "many" occasions the officer responded to questions with "...I can't recall"; "I don't know"; "I wasn't there." Additionally, in finding of fact number eight, the court found that "[b]ased on this officer's testimony, the Court finds that there are no specific articulable facts tying this defendant to the said offense."

As the sole trier of fact and judge of credibility, the trial court was free to disbelieve any or all of the officer's testimony, even if uncontroverted, based on its determination of Officer Valles' credibility and demeanor. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000); *Guzman*, 955 S.W.2d at 89; *State v. Hopper*, 842 S.W.2d 817, 819 (Tex.App.--El Paso 1992, no pet.); *see also Farias v. State*, No. 01-93-00422-CR, 1995 WL 389671, at *2 (Tex.App.--Houston (1st Dist.) 1995, no pet.)("In a motion to suppress hearing, the trial court may believe all, some or none of any witness' testimony."), *citing Johnson v. State*, 871 S.W.2d 744, 748 (Tex.Crim.App. 1994). However, even if the trial court found Officer Valles' testimony wholly uncredible, the only issue the trial court had the authority to decide was whether Officer Valles had probable cause to arrest Garcia. The trial court could not use the hearing to determine whether the State could present sufficient evidence to support the elements of the offense charged. *Iduarte*, 268 S.W.3d at 551-52; *Woods*, 153 S.W.3d at 415; *Marquez*, 281 S.W.3d at 60; *Jiminez*, 763 S.W.2d at 437; *State v. Morales*, No. 08-09-00137-CR, 2010 WL 819126, *2 (Tex.App.--El Paso Mar. 10, 2010, )(mem.op.)(not designated for publication)(cases noting that suppression hearings do not authorize a trial court to hold a "mini-trial" on the sufficiency of evidence to support an element of the offense). The existence of "specific articulable facts"

tying Garcia to the offense relates to the sufficiency of evidence. *See Jimenez*, 763 S.W.2d at 437 ("Affirmative links to evidence bear upon the sufficiency of evidence."). There is no pre-trial procedure available to test the sufficiency of evidence in a criminal case.

Based on these facts, it is clear that at least with respect to the trial court's findings of fact five through eight and its second conclusion of law, the trial court improperly ruled on the merits. These findings indicate that the trial court improperly used the motion to suppress evidence hearing as a vehicle to determine the sufficiency of the State's evidence to prove Garcia committed theft, rather than as a vehicle to suppress evidence obtained as a result of an unlawful arrest. Therefore, the trial court erred in granting the motion to suppress to the extent its ruling was based upon those findings. *See Farias*, 1995 WL 389671, at *2, *citing Wilson v. State*, 857 S.W.2d 90 (Tex.App.--Corpus Christi 1993, pet. ref'd)("A motion to suppress hearing tests only the admissibility of evidence, not its sufficiency."); *see also Marquez*, 281 S.W.3d at 60, *citing Woods*, 153 S.W.3d at 415-16 ("A suppression order based on the ground that the evidence substantiating the offense was not credible would, in effect, deny the State its right to a jury trial.").

Ordinarily we must uphold the trial court's ruling, if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007); *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex.Crim.App. 2003), *cert. denied*, 541 U.S. 974, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004). Here, the trial court found Officer Valles did not have probable cause to arrest Garcia and granted the motion to suppress. Therefore, if the record supports the finding under any theory of applicable law, we will affirm.

The problem is that no evidence was obtained as a result of Officer Valles' arrest of

Garcia.  At a motion to suppress hearing, the trial court is to determine whether evidence was obtained as the result of an unlawful arrest and should therefore be suppressed.  In other words, when an arrest is not based on probable cause, the remedy is to exclude any evidence obtained as a result of that unlawful arrest.  In the instant case there is nothing to suppress, regardless of whether Officer Valles had probable cause to arrest Garcia.  Consequently, there is no need to determine whether the trial court erred in its probable cause determination.  The trial court's judgment is reversed and the case is remanded for a trial on the merits.

July 25, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)