COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 THE STATE OF TEXAS,
  
                                    
 Appellant,
  
 v.
  
 MARISELA GARCIA,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-10-00362-CR
  
                          Appeal from
  
 County Court at Law
 No. 1
  
 of El Paso County,
 Texas
  
 (TC # 20100C02164)
 
 
 
 
  
 
 
  
 
 
  
 
 


                                                                  O
P I N I O N

 

            Marisela Garcia was charged by
information with the misdemeanor offense of theft.  She filed a pre-trial motion to suppress which
the trial court granted.  The State has
appealed and for the reasons that follow, we reverse.

FACTUAL SUMMARY

             On March 3, 2010, Garcia was charged by
information with misdemeanor theft for allegedly stealing a watch, earrings,
and cosmetics from Wal-Mart.  According
to the information, the value of the allegedly stolen items was more than $50
but less than $500.

            Garcia argued in her motion to
suppress that there was “no lawful warrant, probable cause or other lawful
authority to obtain” her, and therefore the detention
violated her rights under the Fourth and Fourteenth Amendments to the United
States Constitution; Article I, Section 9 of the Texas Constitution; and
Chapters 14 and 38 of the Texas Code of Criminal Procedure.  She also claimed that the items should be
suppressed because there was no lawful warrant, probable cause, or other lawful
authority for her arrest in violation
of the same constitutional and statutory provisions listed above.

            Initially at the hearing, the State
offered to stipulate that if the case “goes to trial, we will not seek to
introduce any physical evidence that was obtained as a result of the arrest of
Ms. Garcia or even talk about the fact that Ms. Garcia was arrested.”  For reasons unclear from the record, the State’s
stipulation was not accepted and defense counsel called the arresting officer
to the stand.       

Officer Valles testified that he was dispatched to the Wal-Mart located
at 10727 Gateway West in El Paso, Texas. 
When he arrived, Garcia was in the loss prevention office.  The officer spoke with the Wal-Mart loss prevention
officers and, after taking their statements, he took Garcia into custody.  Valles admittedly did not have a warrant for
her arrest and did not personally witness the shoplifting.           Garcia
was not taken to a magistrate when she was taken into custody.  According to Officer Valles’ testimony, he
was advised to stay in the field as long as possible because there were not
enough on-duty officers.  Instead of
going through the Digital Information Managing System (DIMS), the officer used
an alternative paper referral system.  This
allowed Garcia to be summoned to court but avoid jail.  The process also saved Officer Valles from completing
the booking process.  Garcia was
handcuffed and taken to the Pebble Hills Regional Command Center where she
waited in a cell until all of her information was verified for the court
summons.

On cross examination, Valles testified that he may have spoken with
Garcia at some point during the process, but that he did not remember what was
said, other than the fact that he advised her that she would be summoned to
court and that she was released.  A
female officer performed a pat down at the Regional Command Center, but no
evidence was obtained as a result.  Officer
Valles was the only witness to testify at the hearing, and neither party sought
to introduce any exhibits into evidence.

The trial court granted the motion to suppress and filed written findings
of fact and conclusions of law:

Findings Of Fact

 

1. A Motion to
Suppress Evidence in this case was filed on September 23, 2010. 

 

2. A hearing on
that motion was heard on December 2, 2010. 

 

3. The witness
who testified at the hearing was Officer Juan Valles of the City of El Paso
Police Department.  The two loss
prevention officers involved did not appear for said hearing. 

 

4. Officer Juan
Valles was called to Walmart on December 18, 2009 reference alleged shoplifting
and received his information from the loss prevention personnel. 

 

5. Officer
Valles’ testimony was very scant on specifics. 
He testified that he could not recall what ‘Mike’ had told him (i.e.
presumably one of the loss prevention officers).  He clearly testified contrary to what his own
written report reflected regarding key details about the theft episode as they
related to defendant herein.  He was emphatic
about said testimony until shown his own written report. 

 

6. Again,
Officer Valles was at a loss as to specifics of how Marisela Garcia was
involved individually. 

 

7. On
cross-examination, the record reflects many responses of ‘...I can’t recall’; ‘I
don’t know’; ‘I wasn’t there.’  The
questions were related specifically to defendant’s conduct and/or actions.

 

8. Based on this
officer’s testimony, the Court finds that there are no specific articulable
facts tying this defendant to the said offense. 

 

Conclusions Of Law

 

1. Officer
Valles’ uncertainty in his testimony and inability to recall specific facts as
related to the defendant’s conduct herein do not establish probable cause for
the arrest of Marisela Garcia. 

 

2. While
sincere, the officer’s testimony is nevertheless seriously lacking in
establishing the criminal activity afoot insofar as the defendant herein. 

 

The State
asked the court to provide more specific findings of fact and conclusions of
law concerning what evidence was suppressed. 
The State also timely filed a notice of appeal with this court asking that we abate the
appeal and direct the trial court to enter more specific findings and
conclusions.  We denied the motion to
abate, holding the record established that the evidence suppressed was the
evidence identified in Garcia’s motion to suppress. 

Standard
of Review

            We review a ruling on a motion to
suppress using a bifurcated standard of review.  See Crain
v. State, 315 S.W.3d 43, 48 (Tex.Crim.App. 2010); Guzman v. State, 955 S.W.2d 85, 87-91 (Tex.Crim.App. 1997); Newbrough v. State, 225 S.W.3d 863, 866
(Tex.App.--El Paso 2007, no pet.).  We afford
almost total deference to the trial court’s findings of historical fact that
are supported by the record, and to mixed questions of law and fact that turn
on an assessment of a witnesses’ credibility or demeanor.  Valtierra
v. State, 310 S.W.3d 442, 447 (Tex.Crim.App. 2010); Amador v. State, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); Guzman, 955 S.W.2d at 89.   We
review the trial court’s determination of legal questions and its application
of the law to facts that do not turn upon a determination of witness
credibility and demeanor de novo.  See
Valtierra, 310 S.W.3d at 447; Amador,
221 S.W.3d at 673; Kothe v. State,
152 S.W.3d 54, 62-63 (Tex.Crim.App. 2004); Guzman,
955 S.W.2d at 89.  

            Where, as here, the trial judge
makes express findings of fact, we must first determine whether the evidence,
when viewed in the light most favorable to the trial court’s ruling, supports
those findings.  Valtierra, 310 S.W.3d at 447; State
v. Kelly, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006).  However, we review a trial court’s legal
ruling de novo.  State
v. Iduarte, 268 S.W.3d 544, 548-49 (Tex.Crim.App. 2008).  “We uphold the trial court’s ruling is it is
supported by the record and correct under any theory of law applicable to the
case.”  Id.  

IMPROPER
RULING ON MERITS

            In Issue One, the State argues that
the trial court’s suppression ruling was an improper ruling on the merits of
the State’s case, i.e., whether the
State could prove Garcia committed theft. 
In support of its contention, the State points to the trial court’s
eighth finding of fact noting that “there are no specific articulable facts
tying this defendant to the said offense,” as well as the second conclusion of
law in which the trial court concluded that “[w]hile sincere, the officer’s
testimony is nevertheless seriously lacking in establishing the criminal
activity afoot insofar as the defendant herein.”  We agree. 

            Initially we note that a suppression
hearing has limited purposes.  See Iduarte, 268 S.W.3d at 551-52; Woods v. State, 153 S.W.3d 413, 415
(Tex.Crim.App. 2005).  Such purposes do
not include holding a mini-trial on the sufficiency of the evidence to support
an element of the offense.  Iduarte, 268 S.W.3d at 551-52; Woods, 153 S.W.3d at 415; State v. Marquez, 281 S.W.3d 56, 60
(Tex.App.--El Paso 2008, pet. stricken). 
As stated in Iduarte, “[t]he
purpose of a pre-trial motion is to address preliminary matters, not the merits
of the case.”  Iduarte, 268 S.W.3d at 552. 
In other words, the purpose of a pre-trial motion is to address those
matters that can be resolved before there is a trial on the merits of the
case.  See id; Marquez, 281
S.W.3d at 60; Harris v. State, 173
S.W.3d 575, 580 (Tex.App.--Fort Worth 2005, no pet.); State v. Bartee, 894 S.W.2d 34, 40 n.4 (Tex.App.--San Antonio 1994,
no pet.); State v. Jimenez, 763
S.W.2d 436, 437 (Tex.App.--El Paso 1988, pet. ref’d).  

            Officer Valles was the only witness
to testify at the hearing and no evidence, other than his testimony, was
offered by either party.  In the trial
court’s findings of fact, Officer Valles’ testimony is referred to as “sincere.”  And, based on the trial court’s fourth
finding of fact, at a minimum the trial court believed Officer Valles’
testimony that on December 18, 2009, he was dispatched to Wal-Mart regarding an
alleged shoplifting, and that the information regarding the alleged shoplifting
was provided to Officer Valles by loss prevention officers at Wal-Mart.  However, in findings of fact five through
seven, the trial court criticizes Officer Valles’ testimony.  In doing so, the trial court refers to
Officer Valles’ testimony as “scant on specifics,” “at a loss as to specifics,”
and notes that on “many” occasions the officer responded to questions with “...I
can’t recall”; “I don’t know”; “I wasn’t there.”  Additionally, in finding of fact number
eight, the court found that “[b]ased on this officer’s testimony, the Court
finds that there are no specific articulable facts tying this defendant to the
said offense.”  

            As the sole trier of fact and judge
of credibility, the trial court was free to disbelieve any or all of the
officer’s testimony, even if uncontroverted, based on its determination of
Officer Valles’ credibility and demeanor. 
See State v. Ross, 32 S.W.3d
853, 855 (Tex.Crim.App. 2000); Guzman,
955 S.W.2d at 89; State v. Hopper,
842 S.W.2d 817, 819 (Tex.App.--El Paso 1992, no pet.); see also Farias v. State, No. 01-93-00422-CR, 1995 WL 389671, at *2
(Tex.App.--Houston (1st Dist.) 1995, no pet.)(“In a motion to suppress hearing,
the trial court may believe all, some or none of any witness’ testimony.”), citing Johnson v. State, 871 S.W.2d 744, 748 (Tex.Crim.App. 1994).  However, even if the trial court found
Officer Valles’ testimony wholly uncredible, the only issue the trial court had
the authority to decide was whether Officer Valles had probable cause to arrest
Garcia.  The trial court could not use
the hearing to determine whether the State could present sufficient evidence to
support the elements of the offense charged. Iduarte, 268 S.W.3d at 551-52;
Woods, 153 S.W.3d at 415; Marquez,
281 S.W.3d at 60; Jiminez, 763 S.W.2d
at 437; State v. Morales, No.
08-09-00137-CR, 2010 WL 819126, *2 (Tex.App.--El Paso Mar. 10, 2010,
)(mem.op.)(not designated for publication)(cases noting that suppression
hearings do not authorize a trial court to hold a “mini-trial” on the
sufficiency of evidence to support an element of the offense).  The existence of “specific articulable facts”
tying Garcia to the offense relates to the sufficiency of evidence.  See
Jimenez, 763 S.W.2d at 437 (“Affirmative links to evidence bear upon the
sufficiency of evidence.”).  There is no
pre-trial procedure available to test the sufficiency of evidence in a criminal
case.

            Based on these facts, it is clear
that at least with respect to the trial court’s findings of fact five through
eight and its second conclusion of law, the trial court improperly ruled on the
merits.  These findings indicate that the
trial court improperly used the motion to suppress evidence hearing as a
vehicle to determine the sufficiency of the State’s evidence to prove Garcia
committed theft, rather than as a vehicle to suppress evidence obtained as a
result of an unlawful arrest.  Therefore,
the trial court erred in granting the motion to suppress to the extent its
ruling was based upon those findings.  See Farias, 1995 WL 389671, at *2, citing Wilson v. State, 857 S.W.2d 90 (Tex.App.--Corpus Christi 1993, pet.
ref’d)(“A motion to suppress hearing tests only the admissibility of evidence,
not its sufficiency.”); see also Marquez,
281 S.W.3d at 60, citing Woods, 153
S.W.3d at 415-16 (“A suppression order based on the ground that the evidence
substantiating the offense was not credible would, in effect, deny the State
its right to a jury trial.”).

            Ordinarily we must uphold the trial
court’s ruling, if it is supported by the record and correct under any theory
of law applicable to the case, even if the trial court gave the wrong reason
for its ruling.  State v. Stevens, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007); Armendariz v. State, 123 S.W.3d 401, 404
(Tex.Crim.App. 2003), cert. denied,
541 U.S. 974, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004).  Here, the trial court found Officer Valles
did not have probable cause to arrest Garcia and granted the motion to
suppress.  Therefore, if the record
supports the finding under any theory of applicable law, we will affirm.  

            The problem is that no evidence was
obtained as a result of Officer Valles’ arrest of Garcia.  At a motion to suppress hearing, the trial
court is to determine whether evidence was obtained as the result of an
unlawful arrest and should therefore be suppressed.  In other words, when an arrest is not based
on probable cause, the remedy is to exclude any evidence obtained as a result
of that unlawful arrest.  In the instant
case there is nothing to suppress, regardless of whether Officer Valles had probable
cause to arrest Garcia.  Consequently, there
is no need to determine whether the trial court erred in its probable cause
determination.  The trial court’s
judgment is reversed and the case is remanded for a trial on the merits.  

 

July 25, 2012                                       ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)