02-11-514, 515-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00514-CR

 

 









 
 
 Kory
 Michael Gautreaux
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 297th District
 Court
  
 of
 Tarrant County (1195151D)
  
 February
 28, 2013
  
 Opinion
 by Chief Justice Livingston
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Chief Justice Terrie Livingston








 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00514-CR

NO. 02-11-00515-CR

 

 


 
 
 Kory Michael Gautreaux
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 297th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          In
two points, appellant Kory Michael Gautreaux appeals his convictions for possession
of four hundred or more grams of methamphetamine with intent to deliver and aggravated
assault on a public servant.[2]  Appellant contends that
the trial court abused its discretion by denying his pretrial motion to
suppress evidence.  We affirm.

Background
Facts

          A
grand jury indicted appellant with possession of four hundred or more grams of
methamphetamine with intent to deliver and aggravated assault on a public
servant, by threat, while using or exhibiting a deadly weapon.  Before trial,
appellant filed a motion to suppress “all evidence obtained pursuant to the
search warrant” that the police had executed at his rental house based on an
alleged lack of probable cause to support the warrant and on an allegedly
improper no-knock entry into the residence.

The
sole witness at the pretrial hearing on appellant’s motion, Euless Police
Department Officer Hung Ho, testified that in the spring of 2010, he was working
as part of the Tarrant County Narcotics Unit when he received information from
a confidential informant about drug dealing at a house in Arlington.  The
informant told Officer Ho that a person at the house, whose name was “Kory,”
was selling “substantial amounts of methamphetamine from within the
residence.”  Through research, Officer Ho learned that “Kory Gautreaux,”
appellant, was the subject of a previous police call at the house and that he
had two prior charges for possessing a controlled substance with intent to
deliver, including a charge from 2005.

          Officer
Ho arranged for the confidential informant to make controlled buys of narcotics
at the house on the evenings of March 30, 2010 and March 31, 2010.  During the
controlled buys, Officer Ho searched the informant to ensure that the informant
did not already have drugs, gave the informant money, watched the informant as
he went into the house, watched the informant leave the house, and retrieved
the drugs that the informant had purchased while he was inside the house.  The
informant told Officer Ho after both controlled buys that the drugs had been
purchased from “Kory.”  Also, Officer Ho conducted surveillance on the house
and saw a “subject arrive at the residence and stay just for a short term and
then leave,” which, according to Officer Ho, is consistent with drug traffic.

          On
the early morning of April 1, 2010, shortly after the second controlled buy,
Officer Ho prepared an affidavit for a search warrant of appellant’s house. 
The affidavit, along with containing other facts, stated that Officer Ho had
been contacted by a “confidential, reliable, and credible informant,” described
the two controlled buys by the informant from “Kory”;[3] stated that through computer
records, a subject bearing appellant’s name was associated with the house where
the buys occurred; said that when the informant saw a picture of appellant, he
identified the person in the picture as the same person from whom he had made
the drug purchases; stated that the informant had seen a “substantial amount of
[m]ethamphetamine inside the residence”; and explained that appellant had been
arrested in December 2005 for possessing approximately 120 grams of
methamphetamine.  Toward the end of the affidavit, Officer Ho requested permission
to enter the house without knocking because appellant had said that he
possessed and carried firearms and because there was a member of a violent
street gang who was living in the house.

          Officer
Ho presented the affidavit to a magistrate, and the magistrate signed a search
warrant just before 3 a.m. on April 1.  Upon executing the warrant
approximately thirty minutes later, officers found appellant inside the house,
along with methamphetamine, guns, and other evidence.

          In
the trial court, appellant argued for the suppression of evidence from the
search of the house because Officer Ho’s affidavit did not provide facts
establishing the confidential informant’s reliability, the confidential
informant’s statements to Officer Ho had not been adequately corroborated, the
substance obtained in the second controlled buy was not tested, and the
affidavit failed to establish probable cause for issuing the warrant. 
Appellant also argued for suppression because the police entered into the house
without knocking when the warrant did not authorize a no-knock entry.  The
trial court denied the motion to suppress, concluding that suppression is not
required for an improper no-knock entry into a residence, that the police had a
reasonable basis to enter appellant’s residence without knocking, that the undercover
drug buys at appellant’s residence provided probable cause to support the search
warrant, and that Officer Ho’s affidavit established the credibility of the
informant that Officer Ho relied on when seeking the warrant.

          At
trial, after hearing evidence and arguments from the parties, the jury
convicted appellant of both charges.[4]  The jury assessed
punishment at seventy-five years’ confinement for the drug charge and confinement
for life for aggravated assault on a public servant.  The trial court sentenced
appellant in accordance with the jury’s verdicts and ordered the sentences to
run concurrently.  Appellant brought these appeals.

Affirmative
Waiver of Appellant’s Points

          In
his two points, appellant complains only about the denial of his motion to
suppress.  We should not address the merits of an issue that has not been
preserved for appeal.  Wilson v. State, 311 S.W.3d 452, 473 (Tex. Crim.
App. 2010) (op. on reh’g).  Preservation of error is a systemic requirement.  Id.
at 473–74; Ford v. State, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009).
The court of criminal appeals, our own court, and other intermediate courts of
appeals have all repeatedly held that although a trial court’s ruling on a
pretrial motion to suppress evidence is sufficient to preserve error without
the requirement of another objection at trial, when a defendant affirmatively expresses
at trial that there is no objection to the evidence that was the subject of the
motion, any complaint about the admission of that evidence is waived.  See,
e.g., Estrada v. State, 313 S.W.3d 274, 301–02 (Tex. Crim. App.
2010), cert. denied, 131 S. Ct. 905 (2011); Dean v. State, 749
S.W.2d 80, 82–83 (Tex. Crim. App. 1988); Weaver v. State, No. 02-10-00333-CR,
2011 WL 4345292, at *3 (Tex. App.—Fort Worth Sept. 15, 2011, pet. ref’d) (mem.
op., not designated for publication); Klapesky v. State, 256 S.W.3d 442,
448–49 (Tex. App.—Austin 2008, pet. ref’d); Williams v. State, 834
S.W.2d 502, 506–07 (Tex. App.—Fort Worth 1992, pet. ref’d).

          At
trial, appellant’s counsel affirmatively stated that appellant had no objection
to numerous photographs of his house taken during the police’s search of it, including
photographs of a baggie containing methamphetamine, of blood from where
appellant was shot, of guns, of bullets, of shell casings, of bullet holes, of appellant’s
driver’s license, of a marijuana pipe, of money that the police seized, of
documents from the house bearing appellant’s name, and of digital scales. 
Counsel also affirmatively expressed that appellant had no objection to the
admission of a residential lease for the house that contained appellant’s name;
of actual guns, live rounds, and  shell casings; and of more than 800 grams of
methamphetamine that the police discovered upon searching the house.  Moreover,
appellant stipulated that the substance that was admitted had been confirmed
through a test to be methamphetamine.  Thus, based on the precedent cited
above, we are compelled to conclude that although appellant obtained a ruling
on his pretrial motion to suppress evidence found during the search of his
house, he later waived his objection to the admission of that evidence by
stating at trial that he had no objection to it.  See Estrada, 313
S.W.3d at 301–02; Williams, 834 S.W.2d at 506–07.

          In
his brief, appellant contends that “[b]ut for the illegal search, [he] would
not have been placed in fear of his life and would not have been forced to
attempt to save his life by exiting his residence,” which led to his charge for
aggravated assault on a public servant.  To the extent that this argument was
not waived under the rationale expressed above, we must nonetheless reject it
because the evidence concerning appellant’s independent assaultive act could
not be suppressed as a result of any illegal entry into his house.  See State
v. Iduarte, 268 S.W.3d 544, 551 (Tex. Crim. App. 2008) (“If [the defendant]
did point the gun at [a police officer], that act constituted an independent
criminal offense committed after the complained-of entry, and the acquisition
of evidence of the independent offense was not causally connected to the
officer's allegedly illegal entry.”); State v. Marquez, 281 S.W.3d 56,
61 (Tex. App.—El Paso 2008, pet. struck); Donoho v. State, 39 S.W.3d 324,
327 (Tex. App.—Fort Worth 2001, pet. ref’d) (op. on reh’g) (holding that
evidence of a defendant’s aggravated assaults committed against police officers
after a warrantless arrest was not subject to suppression); see also Siaz v.
State, No. 03-10-00135-CR, 2011 WL 4424971, at *1–2 (Tex. App.—Austin Sept.
21, 2011, no pet.) (mem. op., not designated for publication) (concluding,
under Iduarte, that even if an officer lacked probable cause to arrest
the defendant for public intoxication, suppression was not required of evidence
that the defendant spat on the police officer because the spitting comprised an
independent offense that was not causally connected to the officer’s allegedly
illegal act).

          For
the reasons stated above, we overrule both of appellant’s points.

Conclusion

          Having
overruled appellant’s points, we affirm the trial court’s judgments of
conviction.

 

 

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 28,
2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health
& Safety Code Ann. §§ 481.102(6), .112(a), (f) (West 2010); Tex. Penal Code
Ann. § 22.02(a)(2), (b)(2)(B) (West 2011).





            [3]We note that an informant’s
credibility and reliability concerning the delivery of narcotics may be
supported, in part, by evidence of successful controlled purchases of narcotics
from the defendant.  See Vafaiyan v. State, 279 S.W.3d 374, 384 (Tex.
App.—Fort Worth 2008, pet. ref’d); see also State v. Duarte, No.
PD-1511-11, 2012 WL 3965824, at *5 n.29 (Tex. Crim. App. Sept. 12, 2012); Salazar
v. State, 806 S.W.2d 291, 294 (Tex. App.—Amarillo 1991, no pet.) (“We find
that a ‘controlled buy’ under the circumstances set out in this affidavit is
sufficient evidence of the reliability of the informant’s information to
justify a magisterial conclusion that probable cause for issuance of a search
warrant was shown.”).





[4]The evidence showed that
when officers executed the search warrant, appellant was holding a gun inside
the house.  An officer commanded appellant to drop the gun, but instead,
appellant fired shots as he ran toward the garage.  Arlington Police Department
Officer Andrea Davis, who was assigned to cover the perimeter of the residence,
was just outside the garage when she heard the gunfire.  The garage door
opened, and appellant exited and pointed his gun at Officer Davis while
stating, “Come on, come on, let’s go.”  Officer Davis shot appellant in the
leg, and he fell to the driveway.  Appellant’s pointing his gun at Officer
Davis led to his aggravated assault on a public servant charge.  During the
search, the officers found over eight hundred grams of methamphetamine.