

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00514-CR

| | | |
|---|---|---|
| Kory Michael Gautreaux | § | From the 297th District Court |
| | § | of Tarrant County (1195151D) |
| v. | § | February 28, 2013 |
| | § | Opinion by Chief Justice Livingston |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Chief Justice Terrie Livingston



## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-11-00514-CR**
**NO. 02-11-00515-CR**

KORY MICHAEL GAUTREAUX                                    APPELLANT

V.

THE STATE OF TEXAS                                             STATE

----------

### FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In two points, appellant Kory Michael Gautreaux appeals his convictions for possession of four hundred or more grams of methamphetamine with intent to deliver and aggravated assault on a public servant.[2]  Appellant contends that the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .112(a), (f) (West 2010); Tex. Penal Code Ann. § 22.02(a)(2), (b)(2)(B) (West 2011).

trial court abused its discretion by denying his pretrial motion to suppress evidence. We affirm.

**Background Facts**

A grand jury indicted appellant with possession of four hundred or more grams of methamphetamine with intent to deliver and aggravated assault on a public servant, by threat, while using or exhibiting a deadly weapon. Before trial, appellant filed a motion to suppress "all evidence obtained pursuant to the search warrant" that the police had executed at his rental house based on an alleged lack of probable cause to support the warrant and on an allegedly improper no-knock entry into the residence.

The sole witness at the pretrial hearing on appellant's motion, Euless Police Department Officer Hung Ho, testified that in the spring of 2010, he was working as part of the Tarrant County Narcotics Unit when he received information from a confidential informant about drug dealing at a house in Arlington. The informant told Officer Ho that a person at the house, whose name was "Kory," was selling "substantial amounts of methamphetamine from within the residence." Through research, Officer Ho learned that "Kory Gautreaux," appellant, was the subject of a previous police call at the house and that he had two prior charges for possessing a controlled substance with intent to deliver, including a charge from 2005.

Officer Ho arranged for the confidential informant to make controlled buys of narcotics at the house on the evenings of March 30, 2010 and March 31,

3

2010.  During the controlled buys, Officer Ho searched the informant to ensure that the informant did not already have drugs, gave the informant money, watched the informant as he went into the house, watched the informant leave the house, and retrieved the drugs that the informant had purchased while he was inside the house.  The informant told Officer Ho after both controlled buys that the drugs had been purchased from "Kory."  Also, Officer Ho conducted surveillance on the house and saw a "subject arrive at the residence and stay just for a short term and then leave," which, according to Officer Ho, is consistent with drug traffic.

On the early morning of April 1, 2010, shortly after the second controlled buy, Officer Ho prepared an affidavit for a search warrant of appellant's house.  The affidavit, along with containing other facts, stated that Officer Ho had been contacted by a "confidential, reliable, and credible informant," described the two controlled buys by the informant from "Kory";[3] stated that through computer records, a subject bearing appellant's name was associated with the house where the buys occurred; said that when the informant saw a picture of appellant,

---

[3]We note that an informant's credibility and reliability concerning the delivery of narcotics may be supported, in part, by evidence of successful controlled purchases of narcotics from the defendant.  *See Vafaiyan v. State*, 279 S.W.3d 374, 384 (Tex. App.—Fort Worth 2008, pet. ref'd); *see also State v. Duarte*, No. PD-1511-11, 2012 WL 3965824, at *5 n.29 (Tex. Crim. App. Sept. 12, 2012); *Salazar v. State*, 806 S.W.2d 291, 294 (Tex. App.—Amarillo 1991, no pet.) ("We find that a 'controlled buy' under the circumstances set out in this affidavit is sufficient evidence of the reliability of the informant's information to justify a magisterial conclusion that probable cause for issuance of a search warrant was shown.").

he identified the person in the picture as the same person from whom he had made the drug purchases; stated that the informant had seen a "substantial amount of [m]ethamphetamine inside the residence"; and explained that appellant had been arrested in December 2005 for possessing approximately 120 grams of methamphetamine. Toward the end of the affidavit, Officer Ho requested permission to enter the house without knocking because appellant had said that he possessed and carried firearms and because there was a member of a violent street gang who was living in the house.

Officer Ho presented the affidavit to a magistrate, and the magistrate signed a search warrant just before 3 a.m. on April 1. Upon executing the warrant approximately thirty minutes later, officers found appellant inside the house, along with methamphetamine, guns, and other evidence.

In the trial court, appellant argued for the suppression of evidence from the search of the house because Officer Ho's affidavit did not provide facts establishing the confidential informant's reliability, the confidential informant's statements to Officer Ho had not been adequately corroborated, the substance obtained in the second controlled buy was not tested, and the affidavit failed to establish probable cause for issuing the warrant. Appellant also argued for suppression because the police entered into the house without knocking when the warrant did not authorize a no-knock entry. The trial court denied the motion to suppress, concluding that suppression is not required for an improper no-knock entry into a residence, that the police had a reasonable basis to enter

5

appellant's residence without knocking, that the undercover drug buys at appellant's residence provided probable cause to support the search warrant, and that Officer Ho's affidavit established the credibility of the informant that Officer Ho relied on when seeking the warrant.

At trial, after hearing evidence and arguments from the parties, the jury convicted appellant of both charges.[4] The jury assessed punishment at seventy-five years' confinement for the drug charge and confinement for life for aggravated assault on a public servant. The trial court sentenced appellant in accordance with the jury's verdicts and ordered the sentences to run concurrently. Appellant brought these appeals.

## Affirmative Waiver of Appellant's Points

In his two points, appellant complains only about the denial of his motion to suppress. We should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g). Preservation of error is a systemic requirement. *Id.* at 473–74; *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009). The court of

---

[4]The evidence showed that when officers executed the search warrant, appellant was holding a gun inside the house. An officer commanded appellant to drop the gun, but instead, appellant fired shots as he ran toward the garage. Arlington Police Department Officer Andrea Davis, who was assigned to cover the perimeter of the residence, was just outside the garage when she heard the gunfire. The garage door opened, and appellant exited and pointed his gun at Officer Davis while stating, "Come on, come on, let's go." Officer Davis shot appellant in the leg, and he fell to the driveway. Appellant's pointing his gun at Officer Davis led to his aggravated assault on a public servant charge. During the search, the officers found over eight hundred grams of methamphetamine.

criminal appeals, our own court, and other intermediate courts of appeals have all repeatedly held that although a trial court's ruling on a pretrial motion to suppress evidence is sufficient to preserve error without the requirement of another objection at trial, when a defendant affirmatively expresses at trial that there is no objection to the evidence that was the subject of the motion, any complaint about the admission of that evidence is waived. *See, e.g.*, *Estrada v. State*, 313 S.W.3d 274, 301–02 (Tex. Crim. App. 2010), *cert. denied*, 131 S. Ct. 905 (2011); *Dean v. State*, 749 S.W.2d 80, 82–83 (Tex. Crim. App. 1988); *Weaver v. State*, No. 02-10-00333-CR, 2011 WL 4345292, at *3 (Tex. App.—Fort Worth Sept. 15, 2011, pet. ref'd) (mem. op., not designated for publication); *Klapesky v. State*, 256 S.W.3d 442, 448–49 (Tex. App.—Austin 2008, pet. ref'd); *Williams v. State*, 834 S.W.2d 502, 506–07 (Tex. App.—Fort Worth 1992, pet. ref'd).

At trial, appellant's counsel affirmatively stated that appellant had no objection to numerous photographs of his house taken during the police's search of it, including photographs of a baggie containing methamphetamine, of blood from where appellant was shot, of guns, of bullets, of shell casings, of bullet holes, of appellant's driver's license, of a marijuana pipe, of money that the police seized, of documents from the house bearing appellant's name, and of digital scales. Counsel also affirmatively expressed that appellant had no objection to the admission of a residential lease for the house that contained appellant's name; of actual guns, live rounds, and  shell casings; and of more than 800

7

grams of methamphetamine that the police discovered upon searching the house. Moreover, appellant stipulated that the substance that was admitted had been confirmed through a test to be methamphetamine. Thus, based on the precedent cited above, we are compelled to conclude that although appellant obtained a ruling on his pretrial motion to suppress evidence found during the search of his house, he later waived his objection to the admission of that evidence by stating at trial that he had no objection to it. *See Estrada*, 313 S.W.3d at 301–02; *Williams*, 834 S.W.2d at 506–07.

In his brief, appellant contends that "[b]ut for the illegal search, [he] would not have been placed in fear of his life and would not have been forced to attempt to save his life by exiting his residence," which led to his charge for aggravated assault on a public servant. To the extent that this argument was not waived under the rationale expressed above, we must nonetheless reject it because the evidence concerning appellant's independent assaultive act could not be suppressed as a result of any illegal entry into his house. *See State v. Iduarte*, 268 S.W.3d 544, 551 (Tex. Crim. App. 2008) ("If [the defendant] did point the gun at [a police officer], that act constituted an independent criminal offense committed after the complained-of entry, and the acquisition of evidence of the independent offense was not causally connected to the officer's allegedly illegal entry."); *State v. Marquez*, 281 S.W.3d 56, 61 (Tex. App.—El Paso 2008, pet. struck); *Donoho v. State*, 39 S.W.3d 324, 327 (Tex. App.—Fort Worth 2001, pet. ref'd) (op. on reh'g) (holding that evidence of a defendant's aggravated assaults

8

committed against police officers after a warrantless arrest was not subject to suppression); *see also Siaz v. State*, No. 03-10-00135-CR, 2011 WL 4424971, at *1–2 (Tex. App.—Austin Sept. 21, 2011, no pet.) (mem. op., not designated for publication) (concluding, under *Iduarte*, that even if an officer lacked probable cause to arrest the defendant for public intoxication, suppression was not required of evidence that the defendant spat on the police officer because the spitting comprised an independent offense that was not causally connected to the officer's allegedly illegal act).

For the reasons stated above, we overrule both of appellant's points.

### Conclusion

Having overruled appellant's points, we affirm the trial court's judgments of conviction.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 28, 2013

9